THE FARMER'S STATE BANK, *a corporation of Garber, Oklahoma Territory,* AND FRANK WHETSELL V. MARTHA SPENCER.

(Filed June 8, 1903.)

VERDICT—Error to Direct, When. Where there is a controverted question of fact before the jury, it is error for the court to direct the verdict.

(Syllabus by the Court.)

*Error from the District Court of Garfield County; before Jno. L. McAtee, Trial Judge.*

*M. C. Garber, W. S. Denton* and *W. L. Denton,* for plaintiff in error.

*J. M. Dodson* and *C. H. Parker,* for defendant in error.

STATEMENT OF FACTS.

This was an action in replevin instituted in the district court of Garfield county by Martha Spencer, plaintiff, against the Farmers State bank and Frank Whetsell, defendants, wherein the plaintiff claims that she is the owner and entitled to the immediate possession of certain personal property described in her petition. The defendant, The Farmers State

bank, for its answer to the plaintiff's petition, claimed that through its agent, Frank Whetsell, it had taken possession of the property replevined under and by virtue of a chattel mortgage executed by W. M. Spencer to the Farmers State bank to secure the payment of a certain promissory note, and that at the date of the bringing of the said replevin action it was in possession of said property, and entitled to hold the same under and by virtue of said mortgage. Upon the trial said cause the court directed a verdict in favor of Martha Spencer; and the jury by the direction of the court, returned such a verdict, to which direction and the return of said verdict, and the action of the court in pronouncing judgment on such verdict, the plaintiff in error excepted, assigned the same as error and brings the same here for review. Reversed and remanded.

Opinion of the court by

IRWIN, J.: In this case there are several assignments of error, viz: The improper admission of evidence in favor of the plaintiff and over the objection of the defendant, and the rejection of competent and relevant evidence on the part of the defendant on the objection of the plaintiff; the giving of improper instructions on the request of the plaintiff, and the refusal of proper instructions on the part of the defendant.

One of the assignments of error, which is urged for reversal of this case, is that the chattel mortgage relied upon by the defendant as a defense, and set up in his answer, was rejected by the court on the grounds alone that the same was not properly witnessed in accordance with the laws of this

territory. The said mortgage was witnessed by two witnesses, to-wit: O. E. Helton and George J. Taft, and it is contended by the attorneys for defendant in error that as said O. E. Helton is a stockholder in the Farmers State bank, who were the holders of this chattel mortgage, that he is a party in interest, and consequently disqualified from acting in the capacity of a witness to such an instrument, and they cite in support of that contention, the case of *Watts v. The First National Bank,* reported in 8 Okla. at page 645, but we do not think that this decision sustains their contention. We have no desire to change, modify or retract the doctrine laid down in that case. This court in that case uses this language:

"A mortgage of personal property must be signed by the mortgagor in the presence of two persons who must sign the same as witnesses thereto, and no further proof of acknowledgment is required to admit it to be filed. The statute makes no express limitation or prohibition as to any class of persons who shall act as witnesses. It is silent as to the interest of the witnesses, and the only requisite expressly required is that it shall be signed by two persons as witnesses, and when this is done it shall be admitted and filed in the office of the register of deeds."

Now, this seems to be the only requirement, and the only limitation placed upon the subject by the legislature, and it does not seem to us that the court should add to, detract from, or require other or different qualifications, on the part of such witnesses, than such as the legislature in its wisdom has seen fit to prescribe.

The language of the statutes of this territory on the subject seems to be too plain and unambiguous to require any explanation as to its meaning.

Section 3275 of the Revised Statutes of 1893, under the title of mortgage contains this language:

"A mortgage of personal property must be signed by the mortgagor in the presence of two persons, who must sign the same as witness thereto, and no further proof or acknowledgment is required to admit it to be filed."

Now, we can see no reason for adding any other or different qualification to the witness prescribed by statute than that which the legislature has fixed; hence we think that the ruling of the court in excluding this mortgage from the evidence for the reason alone that it was witnessed by a stockholder of the bank was error.

As to the assignment of error that improper evidence was received or rejected, we think at this time this is not necessary to discuss, for the reason that the first instruction given by the court to the jury under the fact and circumstances as developed in the evidence, is so clearly erroneous that the case must be reversed.

Th first line of the instruction directs the jury to find a verdict for the plaintiff.

Now, we take the rule to be well established by a long line of respectable authorities that where the evidence is conflicting on any material fact in controversy in the case, that it is the province of the jury to decide the weight and effect of the evidence, and not the court.

Mr. Thompson, in his excellent work on Trials, vol. 2, page 1599, in section 2245, says:

"But when the facts are disputed, or the credibility of witnesses is drawn in question, or a material fact is left in

doubt, or there are inferences to be drawn from facts proven, the case under a proper instruction should be submitted to the jury."

A number of courts of very respectable standing, notably those of Georgia, Massachusetts and Missouri, have held the doctrine:

"That where there is any evidence, however slight, tending to support a material issue, the case may go to the jury, since they are the exclusive judges of the weight of the evidence, and this is also true, although the judge may be of the opinion that the weight of evidence is insufficient to support the issue."

The Texas court of civil appeals in the case of *Mitchell v. McLaren,* in the 51 S. W. 269, say:

"When the evidence tends to contradictory conclusions, though without any conflict among the witnesses, a verdict should not be directed."

And our own supreme court, in the case of *P. A. Richardson and S. E. Richardson v. Lena Fellner and Elisha Penny,* reported in 9 Okla. page 513, say:

"Where there is any controverted question of fact before the jury, it is error for the court to direct the verdict.

Now, in the case at bar, one of the disputed questions was as to the ownership of the property in question at the time of the commencement of this suit. The plaintiff claimed that this property belonged to her by virtue of a certain decree of divorce rendered in the district court of Garfield county; that the property at the time of the rendering of said decree was the property of her husband, Lewis M. Spencer;

and that by the decree of the court, this property, the title to the same, and the right of possession, was vested in her.

On the part of the defendant it is claimed that prior to and at the time of the rendering of this decree, that the said property was subject to a certain chattel mortgage given by W. L. Spencer to the plaintiff in error, and that at the time of giving said mortgage the said property was in the possession of the said W. L. Spencer, having been placed there by the owner thereof, L. M. Spencer, for the express purpose of having the same mortgaged to raise money to pay the debts of the said L. M. Spencer, and that the mortgage in question was for the purpose of raising the money which was used to pay off other debts of L. M. Spencer, which were evidenced by notes and a prior mortgage on this identical property; and that the said W. L. Spencer, in giving said mortgage, was acting entirely within his legal rights, and within the terms of the agreement between him and the owners of said property, L. M. Spencer.

It is further shown by the testimony of W. L. Spencer, who was the father of L. M. Spencer, that a part of this property was the increase of property which he had given to L. M. Spencer with the express understanding and agreement that the said increase was to belong to him. The testimony of the father of L. M. Spencer further shows that he was in charge of this property, and had been for more than thirty months prior to this decree of divorce.

Now, the question of the ownership of this property, as shown by this evidence, was certainly in dispute, and was a controverted question of fact pending and existing in the case, and one that the jury should be allowed under proper instru-

tion of the court to decide; and the directing of a verdict for plaintiff by the court with this controverted question of fact in the case, under the rulings of this court in the case of *Richardson v. Fellner et al.* was error for which this cause should be reversed and remanded, which is accordingly done at costs of defendant in error, with instructions to the district court to grant the motion for a new trial.

All the Justices concurring.