### WADE v. SUMNER et al.

No. 1399.   Opinion Filed December 12, 1911.

Rehearing Denied January 23, 1912.

(120 Pac. 1011.)

1.   **WITNESSES**—Wife as a Witness—Examination as to Competency.
As a general proposition, the wife of a party is not competent
to testify in a case where her husband is a party, unless it be
shown that she is the agent of her husband, or has a joint interest
in the action, but a party has the right to offer a wife as a wit-
ness and to have her sworn and examined as to her competency
as a witness, and it is not error for the trial court to permit pre-
liminary questions and answers in order to determine whether or
not she acted as her husband's agent, and is therefore competent
as a witness.

2.   **PROPERTY**—Evidence—Admissibility—Relevancy.   Evidence of-
fered as tending to show ownership of a piano, examined, and
held competent.

3.   **TRIAL**—Directing Verdict—Conflicting Evidence.   Where issues
of fact are presented by the pleadings and supported by the evi-
dence, and the facts are disputed, or the credibility of witnesses
is drawn in question, or a material fact is left in doubt, or
there are inferences to be drawn from facts proven, the case,
under proper instructions, should be submitted to the jury, and
it would be reversible error in such a case to sustain a motion
to direct a verdict.

4.   **NEW TRIAL**—Verdict—Impeachment.   The jury having retired
to. deliberate, one of its members said to his fellows, ''Boys,
let's hurry up and sign the verdict and go see the balloon ascen-
sion,'' whereupon nine of the jurors signed the same and returned
it into court as their verdict.   This was assigned as ground for
a new trial in the motion for a new trial.   Four days later one
of the three who refused to sign the verdict made an affidavit
that in his opinion the jury did not give proper deliberation to the
subject matter under consideration, and the affidavit was offered
in support of the motion for new trial.   No other evidence being
offered, held insufficient to impeach the verdict, and the court
committed no error in denying the motion for new trial on .that
account.

(Syllabus by Robertson, C.)

*Error from District Court, Noble County; W. M. Bowles, Judge.*

Action by R. E. Wade against Roy Sumner and A. C. Nice-
wander to recover $550 damages for conversion of a piano.
Judgment for defendants, and plaintiff brings error.   Affirmed.

*H. A. Johnson,* for plaintiff in error.

*Cress & Carter,* for defendants in error.

Opinion by ROBERTSON, C. R. E. Wade, on July 29, 1908, filed suit in the district court of Noble county, and sought thereby to recover of and from Roy Sumner and A. C. Nicewander the sum of $550, on account of the alleged wrongful conversion of one "Briggs" piano. Defendant Sumner answered by general denial, and further alleged that the said Wade was estopped by his own conduct and knowledge of circumstances from claiming ownership in said piano; that said Wade was not the owner, and that if he had purchased the same he did so with full notice of defendant's rights, and that he purchased same, if at all, in direct violation of an express statute which prohibits the purchase of property in litigation, etc. Defendant Nicewander answered, and alleged that he was the duly elected, qualified, and acting sheriff of Noble county; that the piano in question was levied on by him under and by virtue of an execution issued out of the district court of Noble county, and that the same was sold by him under said execution, and, further answering, says that said Wade, at the time he claims to have purchased said piano, knew that the same was in litigation, and knew of Sumner's claims thereto, and had represented to defendants and each of them that he (Wade) had made arrangements whereby said piano stood good for said judgment, and defendant also denied that Wade was the owner or had purchased said piano in good faith, but alleged, if Wade purchased said piano, he did so with full notice and knowledge of the rights of the defendant Sumner, and in direct violation of an express statute, that while said piano was in litigation and title undetermined, such purchase by Wade was null and void. Plaintiff replied by general denial to each of these answers. Trial was had to a jury, and a verdict was rendered in favor of the defendants, and plaintiff prosecutes this appeal to reverse the judgment entered on the verdict of the jury.

The first error complained of by plaintiff in his brief is that the court erred in admitting the testimony of Mrs. Sumner, wife

of the defendant. We have read the testimony of Mrs. Sumner very carefully, and do not think the objection made by the plaintiff in error is valid. It is true that she testified as a witness in the case, but it is also true that practically every question propounded to her by the attorneys for the defendants was objected to by the plaintiff, and in nearly every instance the objection was sustained by the court. It was sought by the defendants to show that she was a competent witness, and the questions propounded were in line with this theory, and were preliminary in their nature, and the court permitted them to be asked and answered for the sole and only purpose of showing whether or not she was a competent witness.

The main objection urged by plaintiff in error is to a ruling by the court occasioned by an objection made by counsel for plaintiff in error, in which the latter said:

"We except. If it please the court, I don't believe that ought to get in here. It will complicate matters and call for other witnesses. It is absolutely incompetent. The court knows that." And the answer by the court was: "I think so, but let her testify."

This, standing alone, might seem to have been a prejudicial ruling, but when the question, immediately after the remark by the court, was resubmitted to the witness as follows:

"Q. I will ask you if you saw Mr. Wade in regard to trading out the amount of the judgment of your husband's? A. Yes, sir. Q. State to the jury what occurred, Mrs. Sumner, at that time. A. I was going down the street, my little girl and I— The Court: I will sustain the objection as to what he said. This is certainly incompetent. Mr. Cress: We except,"

—it at once becomes a matter of no consequence, for the only purpose of such ruling by the court was to get past the repeated objections of counsel far enough to ascertain whether or not the witness was competent, and just as soon as this was determined the further examination was stopped by the court in the language above quoted. As a general proposition the wife of a party is incompetent to testify in a case where her husband is a party, unless it be shown that she is the agent of her husband or has a joint interest in the controversy. The object and purpose of the

testimony of Mrs. Sumner in this matter was to show agency, and the court permitted this testimony to proceed on that theory, until it could be ascertained whether or not she was the agent of her husband in the matter inquired about. As soon as the court determined the matter, he stopped the examination, and in doing so no error was committed, for she testified to nothing material one way or another. Nothing was elicited from the witness of value to the defendants, or prejudicial to plaintiff, and no error sufficient to reverse the case was committed by the ruling complained of.

The next error complained of is the admission of the testimony of F. C. Moore and B. J. Woodruff, called for the purpose of proving that J. C. Graves had told them that he would mortgage the piano and had offered to sell it. This testimony was clearly admissible, under the instructions of the court, for the purpose of disproving the claim of Marie Graves that she was the owner of the piano at the time, and also went to show that J. E. Graves, her grandfather, claimed to be the owner, and for such purpose it was competent, and while it may not have been the best way to prove ownership, yet it was a circumstance to be submitted to the jury, under proper instructions, for that purpose.

The next assignment of error is that the court erred in holding that there was no competent evidence in support of the verdict of the jury. We have carefully read the testimony, and do not agree with counsel. In our opinion there was sufficient testimony to warrant the court in submitting the case to the jury. The testimony was conflicting, but there was some competent testimony, and where there is any evidence tending to support the material allegations of the petition it is the duty of the court to submit the question to the jury, and the failure or refusal to do so would be error.

"Where issues of fact are presented by the pleadings and supported by evidence, and the facts are disputed, or the credibility of witnesses is drawn in question, or a material fact is left in doubt, or there are inferences to be drawn from facts proven, the case under proper instruction should be submitted to the jury, and it is reversible error in such a case to sustain a motion

to direct a verdict." (*Brown & Bridgeman v. Western Casket Co., infra,* 120 Pac. 1001.)

See, also, 2 Thompson on Trials, p. 1599; *Richardson v. Penny et al.,* 9 Okla. 513, 60 Pac. 270; *Farmers' State Bank v. Spencer et al.,* 12 Okla. 597, 73 Pac. 297.

In this case issues of fact were presented by the pleadings and supported by the evidence, inferences were to be drawn from facts proven, and the ownership of the piano, a material fact, was left in doubt, and in such case the court was bound to submit the case to the jury under instruction, not objected to, and plaintiff has no cause to complain.

The next assignment of error relied upon by plaintiff in error is that the court erred in not holding that the jury was guilty of misconduct in allowing themselves to be stampeded by a balloon ascension which took place just as they retired to consider their verdict, as shown by the affidavit of one of the three who refused to sign the same. In this affidavit, which was the only evidence offered in support of this ground of the motion, the juror charged one of his fellows with saying, "Boys, let's hurry up and sign the verdict and go to see the balloon ascension." This is no proof that the other nine who signed had not arrived at the correct solution of the matter submitted. The other two jurors did not make affidavit that there was any wrong done by reason of this statement, nor does the affidavit show that those who signed the verdict were influenced by the statement charged to have been made. The fact, also, that nine members of the jury agreed to a verdict within five minutes after the case was submitted to them shows conclusively that there was not much doubt in their minds as to which way the case should be decided. While it is not good practice for jurors to use undue haste, or by their acts do aught that might be construed as a lack of proper consideration of the interest of litigants, yet the mere fact that occasionally a jury reaches a verdict within five minutes does not, in itself, and in the absence of affirmative proof that a wrong has been done, argue or prove that the verdict thus rendered is wrong and should be set aside. In this case plaintiff sought to show that he had purchased the piano, without delivery, and at a time when he knew

the instrument was in litigation, and the question of the alleged purchase, together with the *bona fides* of the transaction, were inquired into, and submitted as other facts, under instructions by the court, to the jury for determination. The jury found against the plaintiff in error. The lower court approved the verdict. We have carefully read the entire record, and fail to see how any other conclusion could have been reached by the court or jury.

Finding no reversible error in the record, the judgment of the district court of Noble county should be affirmed.

By the Court: It is so ordered.

All the Justices concur.