[No. 20221. Department Two. March 16, 1927.]

FLORENCE BROXSON, *by her Guardian ad Litem H. A. Broxson, Appellant,* v. R. W. ROBINSON *et al., Respondents.*[1]

[1] MUNICIPAL CORPORATIONS (378, 389)—STREETS—USE—NEGLIGENCE —EVIDENCE—SUFFICIENCY. The fact that the driver of an automobile ran into the curb, in making a turn at a city street intersection at night, does not, as a matter of law, show that he was negligent, when he testified that, just as he was about to make the turn, the light of an approaching car flashed in front of him.

[2] NEW TRIAL (13½)—TRIAL (118)—MISCONDUCT OF JURORS. Where the evidence was short, the fact that the jury took only twenty minutes to arrive at a conclusion does not show that they were actuated by passion or prejudice.

Appeal from a judgment of the superior court for Snohomish county, Alston, J., entered June 23, 1926, upon the verdict of a jury in favor of the defendant, in an action for personal injuries sustained in an automobile wreck. Affirmed.

*Wm. Sheller, B. E. Padgett,* and *John Sandidge,* for appellant.

*Horan & Mulvihill,* for respondent.

[1]Reported in 254 Pac. 252.

ASKREN, J.—The plaintiff, Florence Broxson, on the 3d day of October, 1925, attended a party in the city of Everett, on the invitation of the defendant, Elliott Robinson, who was using for the evening an automobile belonging to his parents. On the way home, his course took them westward on Pacific avenue. Approaching Norton street, he started to turn into that thoroughfare, which intersects Pacific avenue at right angles, both streets being paved. In doing so, he made too wide a turn, and the auto was driven on the curb and struck a guy wire attached to a telephone pole. An insulator attached thereto became dislodged, striking the windshield and causing the broken glass to severely cut the plaintiff's face.

Suit was brought to recover damages for the injuries sustained, and after trial before a jury a verdict was rendered in favor of the defendants, and judgment entered thereon. This appeal followed.

[1] Several assignments of error are noted, but a consideration of two of them will dispose of this appeal. The first is: Was there any evidence from which the jury had a right to conclude that the defendant was not negligent?

The evidence showed that the respondent was driving carefully, and there was nothing from which negligence could be inferred save the failure to make a narrower turn and keep on the pavement. Assuming that this fact was sufficient to show negligence, there was other testimony which the jury had a right to, and did undoubtedly consider. The pavement was dry, but there was some fog. At the moment respondent started to turn, the lights of an approaching automobile, which had just come up over a rise in the pavement a block away, flashed in front of him. To what extent the fog and the lights, or either, interfered

with respondent's driving the jury were entitled to judge, and we are not at liberty to substitute our judgment for that of the jury.

In this connection should be noticed the claim of appellants that the respondent did not claim that the lights of the approaching car interfered with his driving in making the turn. The testimony of respondent on this point was as follows:

"Q. Just tell us how you made the turn there, Elliott. A. Well, I was coming west on Pacific and about twenty or twenty-two and a half or twenty-five miles an hour, and a car was coming east on Pacific, had just—had come up over the rise in the pavement by the hospital, and the only thing I could say is that I didn't make a wide enough circle in making the turn, and in that way I went up on the curb on the other side. Q. The lights of this other car flashed just about as you were to make the turn? A. Yes. . . .

"Q. State whether or not the lights of the other car did come in there as you were about to make the turn? A. They came up over the hill just as I was about to make the curve. Q. Was there anything wrong with your car? A. Nothing at all."

It is true that the respondent did not in express words say that the lights prevented the proper turning of the car, but it is apparent that this was the purpose of testifying to the fact, and we think would be so understood by the jury.

[2] Nor are we able to conclude that the jury, in taking only twenty minutes to arrive at a unanimous verdict, were actuated by prejudice entitling the appellant to a new trial. It is difficult to say what length of time it shall take a jury to properly consider a case. The loser in a law suit seldom is satisfied therewith. If the jury decide quickly, he feels that his rights have been trifled with, and if a long time be taken he is often sure that they were bartered away for the sake of

unanimity and escape from a disagreeable duty. In the instant case, the evidence was very short. The whole trial, including argument of counsel and instructions of the court was concluded by three o'clock of the same day. The character of the case was such that if any prejudice existed, it would more likely have been in favor of the appellant, a comely young lady whose facial beauty had been severely marred. The evidence was simple, and without substantial dispute. The only question the jury needed to consider was whether the practically admitted facts showed negligence under all the circumstances. This point they decided in respondent's favor. We find no reversible error in the record.

The judgment is affirmed.

MACKINTOSH, C. J., TOLMAN, BRIDGES, and PARKER, JJ., concur.