TERESA CARRARA *vs.* WILLIAM H. NOONAN *et al.*

MARCH 26, 1943.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Moss, J. This is an action of the case to recover damages sustained by the plaintiff because of her right leg being broken in a fall which she had when she was rollerskating in a rink operated by the two defendants and which she alleges in her declaration was caused by their negligence in permitting the floor of the rink to be rough and littered with foreign substances and debris that made it dangerous for rollerskating.

At the trial the jury returned a verdict for the defendants.

In due time the plaintiff filed a motion for a new trial on the grounds that the verdict was against the evidence and the weight thereof and that the jury failed to give proper and sufficient consideration to the evidence, to the law as given by the trial justice and to the issues in the case. This motion was denied by the trial justice and the case is now before us on the plaintiff's bill of exceptions, in which she relies upon her exception to the denial of this motion and her exceptions taken at the trial to the granting, against her objection, of a motion by the defendants that the jury take a view of the rink and to certain rulings by the trial justice as to the admission of evidence.

It is clear that the plaintiff was rollerskating in the rink as an invitee of the defendants and that they therefore owed to her the duty of using reasonable care to see to it that the floor of the rink was then in a safe condition for such use.

The testimony was very conflicting on important points. The plaintiff and a girl friend, who had come to the rink with her and was skating near her at the time when the plaintiff fell, testified that they noticed rough spots in the part of the floor where the skating was done and where the plaintiff fell; and that there were substances on it such as chewing gum papers, cigarette stubs, burnt matches and the like. The plaintiff testified, in effect, that, as she was skating, one of her skates struck one of the uneven spots in the floor or some of this debris, which checked the motion of the roller on this skate and caused her to fall violently on the floor.

They both also testified that when they entered the rink there was a "jitterbug contest" being held; that there were many persons who were not skating but were on the part of the floor that was inside of the railing which inclosed the space used for skating and separated it from the part of the floor reserved for spectators.

For the defendants there was testimony by them and by two other witnesses, who were employed by the defendants at the time of the accident, that on the evening when the plaintiff suffered her fall there was no "jitterbug contest"

held but there was some exhibition skating in the middle of the rink; that there were no persons on the skating floor except skaters; and that persons, while on the part of the floor that was used for skating, were not allowed to smoke or eat.

One of these employees, a young man, testified that he and three other young men, who were employed by the defendants during evenings to skate on the floor of the rink, when skating was going on, and to see that the floor was kept clear of anything that would interfere with the roller-skating, were present there on the evening of the accident to the plaintiff. He testified also that he was then skating around to see that the floor was kept in good condition; that there was then no debris or litter on it or rough places in it; and that he helped to carry the plaintiff from the place where she fell to the defendants' office, and that he saw no debris or litter on the floor where she fell.

The "skate manager" for the defendants testified that he did not see the plaintiff fall, but saw her carried away from the place where she fell; and that he then examined the floor and found nothing on it and no roughness or unevenness in it. The defendant Patterson testified that he talked with the plaintiff right after she fell and that he took her to a doctor; that she did not say to him, the witness, that the floor was rough, but made to him the statement that her skate came in contact with her girl friend's skate and she fell. In her testimony she denied the making of such a statement.

After considering all the evidence, we are of the opinion that in his decision denying the plaintiff's motion for a new trial the trial justice was not clearly wrong in finding that the verdict was not against the weight of the evidence and that it did substantial justice between the parties.

Nor are we of the opinion that he was wrong, in that decision, in not sustaining the ground, urged by the plaintiff for the granting of her motion for a new trial, that the jury had their verdict under consideration in the jury room for not more than thirty minutes and therefore "failed to give rea-

sonable and sufficient consideration and time to the evidence, to the law as given by the Court and to the issues in said case." The case was not at all a complicated one and the only finding that the jury had to make in order to return a verdict for the defendants was that the plaintiff had not proved, by a preponderance of the evidence, that the cause of her fall was what she had testified it was. See *O'Connell* v. *Ford*, 58 R. I. 111, at 115.

We therefore are of the opinion that there is no merit in the plaintiff's exception to the denial of her motion for a new trial.

The plaintiff's second exception was to the granting by the trial justice, against her objection, of the defendants' motion that the jury take a view of the skating rink before any testimony was introduced. The only ground of objection which the plaintiff's attorney made to the granting of the motion was that the defendants' attorney, in making it, had stated, apparently in the presence of the jury, that there had been no change in the floor of the skating rink since the time of the plaintiff's accident. But in granting the motion the trial justice told the jury that they would decide the case upon the testimony of witnesses and possibly some exhibits and not upon statements of counsel. Therefore we find no merit in this exception.

The plaintiff's ninth exception was to the ruling of the trial justice in allowing, against the objection of her attorney, the introduction, as an exhibit for the defendants, of a certain pair of roller skates. The "skate manager" testified that it was a part of his duties to see that persons were given the proper sizes of skates to skate with. He then produced a pair of skates and testified that they were absolutely like the ones used by her when she was injured, which could not be identified. We are of the opinion that the introduction of these skates against objection did not, under the circumstances, constitute prejudicial error, because the only ground of her action was the condition of the floor.

The plaintiff's third exception was to the allowance,

against objection, of a certain question asked of the plaintiff on cross-examination. She had just been asked by the defendants' attorney: "Before you fell you didn't see any debris on the floor anywhere, did you?" and she had answered: "Well, I didn't take notice." Then, after an intervening question and answer of no importance, she was asked: "If there had been any there you think you would have noticed it?" After the objection of her attorney had been overruled and an exception noted, she answered: "I suppose if I were looking for something I might have noticed it but I didn't take notice." We see no merit in this exception as a ground for a new trial.

The plaintiff's sixth, seventh and eighth exceptions were to the allowance, against the plaintiff's objections, of questions which were asked by the defendants' attorney of the defendant Patterson and which brought out the answers that she did not make any claim that night that the floor was rough, or that she fell because it was uneven or because there was any paper or a match or cigarette stub that interfered with her skate. We see no merit in any of these exceptions.

We have considered all the other exceptions of the plaintiff, namely, the fourth, fifth, tenth and eleventh, and are of the opinion that there is no merit in any of them; and we see no sufficient reason for discussing any of them.

All the plaintiff's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the verdict.

*James O. Watts,* for plaintiff.

*Henry M. Boss, A. Truman Patterson,* for defendants.