[No. 32597.    Department One.    January 29, 1954.]

PLATO D. MELLIS, *Respondent*, v. JOSEPH C. MERRITT *et al.*, *Appellants*.[1]

*Joseph D. Holmes,* for appellants.

*Bruce Maines, Daniel B. Trefethen, Jr.,* and *Gordon S. Clinton,* for respondent.

OLSON, J.—This is an action for damages sustained in a collision between plaintiff's automobile and one driven by defendant Joseph C. Merritt. Plaintiff sought recovery of $9,500 for general damages, $552.42 for damages to his automobile, and also for his medical expenses. The jury returned a unanimous verdict in his favor in the sum of $5,302.42. Judgment was entered upon this verdict. De-

'Reported in 265 P. (2d) 1058.

fendants have appealed, and their only assignments of error are directed to the denial of their motion for judgment notwithstanding the verdict or for a new trial.

The issue of liability turned upon factual questions inherent in an automobile collision in a street intersection controlled by a traffic light. A statement of the conflicting evidence and contentions of the parties would be of no value. There is sufficient competent evidence to sustain the verdict on this issue, and it cannot be set aside.

Defendants' principal contention is that the amount of the verdict and the speed with which it was rendered, indicate that it must have been the result of passion and prejudice.

■ Plaintiff is about thirty-three years of age. He suffered an injury to his back, described as a sprain. Because of it, his earnings decreased in the interval between the collision and the trial. It caused him pain and disability which might continue or become worse in the future. The verdict is not so excessive that we can say it is likely that passion and prejudice either influenced its amount or permeated the deliberations of the jury in any regard. See *Anderson v. Dalton,* 40 Wn. (2d) 894, 898 *et seq.,* 246 P. (2d) 853 (1952), and cases cited.

■ The time consumed by the presentation of the evidence in this case was about one court day. The issues were narrow and well defined. Considered alone or with the other arguments of defendants, the fact that the jury reached its verdict soon after the case was submitted to them is not a sufficient reason for a new trial in this case.

■ Defendants' basic argument is that prejudice against them arose from the fact that they and all of their witnesses are Negroes. There is nothing in the record to indicate the racial background of any of the parties, witnesses, or jurors. There is no claim that the conduct of anyone was not proper. The issues were presented to the jury clearly and fairly. No exception was taken to any of the instructions. There is nothing before us to lead us to the conclusion for which defendants contend.

The trial court did not abuse its discretion when it denied defendants' motion for a new trial.

The judgment is affirmed.

GRADY, C. J., MALLERY, HAMLEY, and FINLEY, JJ., concur.

March 10, 1954. Petition for rehearing denied.