[No. 33087.   Department Two.   September 1, 1955.]

GEORGE CASEY et al., *Respondents*, v. FLOYD E. WILLIAMS
et al., *Appellants.*[1]

*Randall, Danskin & Lundin* (*Paul J. Allison*, of counsel),
for appellants.

*H. Earl Davis* (*Wm. P. Wimberley*, of counsel), for re-
spondents.

WEAVER, J.—This is "The Case of the Somnolent Juror."
The jury returned a verdict for defendant, both on plain-
tiff's complaint and on defendant's cross-complaint. De-
fendant appeals from an order granting plaintiff's motion
for a new trial.

[1]Reported in 287 P. (2d) 343.

Pursuant to Superior Court Rule 16, 34A Wn. (2d) 117, as amended, effective July 1, 1954, the order granting plaintiff's motion for a new trial states that

". . . one of the jurors was asleep on several occasions during the course of the trial and . . . that counsel for the plaintiff interrupted the trial and called the Court's attention to the conduct of said juror, and . . . that such conduct coupled with the obvious fact that the jury did not properly deliberate on the question of contributory negligence, and that substantial justice was not done and a new trial must be granted . . ."

The facts are not in dispute. On three occasions during the trial, it was apparent to counsel and the court that one of the jurors was asleep.

On the first occasion, counsel for plaintiff approached the bench and, out of hearing of the jury, called this fact to the court's attention. He asked for no relief. When the trial resumed, the trial judge asked the bailiff to check the heat in the radiators, stating, "Maybe we can all stay awake a little better if we get the heat cut off." On the second occasion, plaintiff's counsel asked the juror if he could hear the testimony. He received an affirmative reply. On the third occasion, the bailiff handed the juror a glass of water. The court asked, "Are you awake now, Mr. B.?" The juror replied, "Yes, sir, I am awake now." The trial proceeded without objection from counsel for plaintiff.

We give no weight to the admission of defendant's counsel that the juror fell asleep while he (defendant's counsel) was examining witnesses.

This court said in *Johnson v. Howard*, 45 Wn. (2d) 433, 436, 275 P. (2d) 736 (1954):

"We start with the recognized principle that an order granting or denying a new trial is not to be reversed, except for an abuse of discretion. *Huntington v. Clallam Grain Co.*, 175 Wash. 310, 27 P. (2d) 583. This principle is subject to the limitation that, to the extent that such an order is predicated upon rulings as to the law, such as those involving the admissibility of evidence or the correctness of an instruction, no element of discretion is involved. [Citing authorities.]"

██ ██ The instant case falls under the limitation of the rule announced above. The question is not whether the trial court abused its discretion at the time the alleged error occurred, for plaintiff's counsel, at that time, asked for no relief and the court exercised no discretion. The question is: whether, as a matter of law under the facts of this case, plaintiff waived his right to claim error for alleged misconduct of the jury. We believe that he did. The rule announced in *Sun Life Assurance Co. v. Cushman*, 22 Wn. (2d) 930, 945, 158 P. (2d) 101 (1945), is determinative.

"It may be admitted that, in a case such as now before us, no admonition that could be given by the trial court could correct the situation, if actual misconduct had occurred; but respondents had a remedy, and it was their duty, if they expected to claim error based upon the alleged misconduct of appellant and the jury, not only to call the matter to the attention of the trial court, *but also to claim a mistrial and ask that the jury be discharged . . .* and *not to wait*, as did respondents in this case, *until an adverse verdict had been rendered*, and then, for the first time, claim error based upon such alleged misconduct." (Italics ours.)

Such conduct of a juror (if prejudicial) is prejudicial when it occurs, and a party with knowledge must seek relief at that time. He cannot gamble on the verdict of the jury and seek relief thereafter in the event the verdict is unfavorable to him. Directing the trial court's attention to the alleged misconduct, without asking for relief of any kind, does not, under the circumstances of this case, preserve the error for one who takes the calculated risk of permitting the case to go to the jury.

██ Several affidavits by plaintiff's counsel were filed in support of the court's conclusion that "the jury did not properly deliberate on the question of contributory negligence, and that substantial justice was not done." Much of the matter in the affidavits is hearsay, concerning the deliberations of the jury, and is incompetent to impeach the verdict. *State v. Maxfield*, 46 Wn. (2d) 822, 828, 285 P. (2d) 887 (1955), and cases cited.

■ However, it appears from the affidavits, and it is uncontroverted by defendant, that the jury only deliberated thirteen or fourteen minutes.

In *Johnson v. Howard, supra,* this court said:

"The length of time devoted to jury deliberations is not a reliable guide to the measure of justice which has been achieved. In our opinion, the fact that the jury here returned a speedy verdict does not support the court's conclusion that substantial justice had not been done. See *Broxson v. Robinson,* 143 Wash. 1, 254 Pac. 252; *Mulka v. Keyes, supra,* page 438 [41 Wn. (2d) 427, 249 P. (2d) 972]; *Mellis v. Merritt,* 44 Wn. (2d) 181, 265 P. (2d) 1058." (p. 446)

This rule is particularly applicable in this jurisdiction when we consider that the statute provides that "the jury may either decide in the jury box or retire for deliberation." RCW 4.44.300.

No further reasons are set forth in the order in support of the conclusion that "substantial justice was not done."

The order granting a new trial is reversed and the case remanded, with directions to enter judgment upon the verdict of the jury.

HAMLEY, C. J., MALLERY, HILL, and ROSELLINI, JJ., concur.