**Mrs. Georgia Ann SEGARS, as Temporary Administratrix of the Estate of Oscar A. Segars, deceased, Appellant,**

v.

**ATLANTIC COAST LINE RAILROAD COMPANY, Appellee.**

No. 8158.

United States Court of Appeals Fourth Circuit.

Argued Oct. 12, 1960.

Decided Jan. 26, 1961.

Sol Blatt, Jr., Barnwell, S. C., (Blatt & Fales, Barnwell, S. C., on the brief), for appellant.

Douglas McKay, Columbia, S. C. (Julius W. McKay (of McKay, McKay, Black & Walker), Columbia, S. C., and Herman I. Mazursky (of Brown, Jeffries & Mazursky), Barnwell, S. C., on the brief), for appellee.

Before SOPER and BOREMAN, Circuit Judges, and STANLEY, District Judge.

EDWIN M. STANLEY, District Judge.

Plaintiff's intestate, Oscar A. Segars, was killed on February 19, 1958, as the result of injuries sustained in a collision between an automobile he was operating and a diesel engine of the defendant, Atlantic Coast Line Railroad Company. The accident happened at a crossing in the Town of Hilda, South Carolina, and this action to recover damages for wrongful death was brought in the United States District Court for the Eastern District of South Carolina. Jurisdiction is based upon diversity of citizenship and the amount in controversy.

The action was first tried in April, 1959, and resulted in a jury verdict for the plaintiff in the sum of $13,500. Following the jury verdict, the plaintiff moved for a new trial on the ground that the verdict was grossly inadequate, and the defendant moved for a judgment n. o. v. on the ground that the evidence conclusively showed plaintiff's intestate to have been guilty of gross contributory negligence. The district court entered an order granting plaintiff's motion for a new trial and denying defendant's motion for a judgment n. o. v.

The second trial was commenced on April 18, 1960. The presentation of evidence consumed two full days. On April 20, 1960, after arguments of counsel and instructions by the court, the jury was told to commence its deliberation at 1:53 in the afternoon. Four minutes later, at 1:57, the jury returned to the courtroom

and announced its verdict for the defendant. Thereafter, the plaintiff timely moved for a new trial on the grounds that (1) the verdict of the jury for defendant was against the clear weight of the credible evidence, and (2) the verdict of the jury was reached so quickly as to conclusively indicate that the jurors failed to consider the evidence and the court's instructions, thereby contemptuously and flippantly disregarding their sworn duties. After hearing, the district court entered an order denying the motion for a new trial. This appeal followed.

The principal contentions of the plaintiff in this court are (1) that the District Judge refused to rule upon that portion of her motion relating to the expeditious jury verdict, and that such refusal to exercise a judicial discretion amounted to an abuse of discretion, and (2) that if the District Judge did in fact rule upon her motion relating to the expeditious jury verdict, he clearly abused his discretion in denying the motion. No point is made of the denial of the motion for a new trial on the ground that the verdict of the jury for the defendant was against the clear weight of the credible evidence.

The plaintiff seeks to support her contention that the District Judge refused to rule upon that portion of the motion relating to the expeditious jury verdict by pointing out certain statements made by the District Judge at the time of the arguments on the motion, and the provisions of the formal order denying the motion.

During the course of the hearing on the motion, the Judge made the following observations:

"The only thing, as I said before, that gives me any trouble at all about this case now is the exceedingly short time that the jury deliberated. I admit that it is possible for them to have had the same opinion about it without discussion or swapping of ideas and without one knowing what motivated the other's thinking. But it isn't probable. And, I think that that is the basis of the jury system; that they will con-

sult together to reach a composite verdict.

"But, I will have to let the verdict stand. If the Circuit Court wants to pass on it, I would like for them to say what they think of a verdict reached in four minutes from the time they are sent to their room until the time they come back. I am refusing the motion solely upon the ground that there were issues of fact for the jury's decision growing out of the evidence and the inferences to be drawn from the evidence and the credibility of the witnesses."

Following the hearing, the court entered a formal order denying the motion for a new trial, which order contains the following pertinent provision:

"The credibility of the testimony of the witnesses is not a function of the Court but of the jury, and is peculiarly within its province. * *

"While the verdict should be the result of sound judgment, dispassionate consideration and conscientious reflection, I know of no rule by which this Court can estimate the time as to how long a jury shall remain in consultation before bringing in their verdict. If they were all in agreement, there was no necessity for a long deliberation. The fact that the jury remained out only a short time before bringing in their verdict is not, of itself, grounds for a new trial.

"I therefore overrule the plaintiff's Motion for a New Trial upon the ground there were issues of fact for the jury's decision growing out of the evidence and the inference to be drawn from the evidence and the credibility of the witnesses.

"Now, Therefore It Is Ordered, Adjudged and Decreed that the Motion of the plaintiff for a new trial be overruled and that the verdict of the jury be affirmed."

■■ The plaintiff first argues that the District Judge stated at the time of the hearing that the motion was being

refused *solely* because the evidence presented issues of fact for determination by the jury, and that he was leaving the matter relating to the expeditious jury verdict for the Court of Appeals to pass upon, and that the order, which plaintiff's counsel was not permitted to see before it was signed, either did not rule upon the question or was at variance with the oral ruling at the time of the hearing.

We think the district court did rule upon plaintiff's entire motion. It is the formal order that determines the action of the court rather than some chance statement or observation made by the Judge during the course of oral arguments. The order clearly holds that the short time the jury deliberated is not of itself grounds for a new trial. The fact that the formal order was not shown to plaintiff's counsel before it was presented and signed, and that such action on the part of defendant's counsel was in violation of a local rule of the court,[1] did not relieve plaintiff's counsel of the duty to register his objection with the District Judge and seek a revision of the order, if it was not in accord with the previously expressed views of the court. There is no suggestion in the record that the plaintiff's counsel ever raised any objection in the district court as to form and contents of the formal order, and we think this precludes the question being presented in this court. Nevertheless, the defendant is clearly entitled to prevail upon the merits.

In considering the merits of plaintiff's motion, it should first be noted that the trial judge is unquestionably entrusted with the power to set aside the verdict and award a new trial if there is either misconduct on the part of the jurors or a contemptuous or flippant disregard of their duties in considering a matter submitted to them. Urquhart v. Durham & S. C. R. Co., 1911, 156 N.C. 581, 72 S.E. 630. However, in the case under consideration, the plaintiff does not attempt to show any misconduct on the part of the jurors other than the bare fact that they returned a verdict in four minutes. We know of no rule of law which prescribes how long a jury should be required to deliberate before returning its verdict. Of course, as was observed by the District Judge, the verdict should be the result of conscientious deliberation, but the fact that the verdict was returned within a few minutes does not necessarily show that the jury disregarded this duty, and is not sufficient of itself to justify a new trial. 3 Barron & Holtzoff, Federal Practice and Procedure, Section 1304.

To find for the defendant, it was only necessary for the jury either to be satisfied that the defendant was guilty of no negligence or that the deceased was guilty of such contributory negligence as would bar a recovery. While it took two days to present the evidence, this did not necessarily require prolonged deliberation. If all twelve were in agreement, there was nothing further to resolve. It is logical to conclude that the jury so thoroughly understood the points at issue, and were so thoroughly in accord with respect to the verdict, that no more time was needed. In any event, the jurors are the best judges of these matters. Conner v. Pennsylvania Railroad Company, D.C.E.D.Pa.1958, 163 F.Supp. 718.

The entire subject of expeditious jury verdicts is exhaustively treated by Chief Justice Kenison of the New Hampshire Supreme Court in the recent case of Patten v. Newton, 1960, 102 N.H. 444, 159 A.2d 809, 810, and the following is in

1. "Hereafter when the Court requests an order to be presented by an attorney for any of the parties in any motion in any case, such attorney shall present the proposed original order to opposing counsel and if opposing counsel has no objection to the form of the order he shall write upon the cover of the order the word 'Seen' and sign his name as attorney for his client. If opposing counsel has objection to the form of the order he shall register such objection in writing, which shall be attached, by the attorney preparing the order, to the order when it is sent to the Court of execution."

accord with our views, and the views of other courts, both state and federal, who have had an occasion to consider the subject:

" * * * In those cases where the period of jury deliberations has been twenty to thirty minutes, motions to set aside the verdict or for new trials have usually been denied on the ground that ordinarily the time consumed by a jury in its deliberations is no criterion of the merits of their determination of the case. Carrara v. Noonan, 69 R.I. 111, 31 A.2d 424; Urquhart v. Durham & S. C. R. Co., 156 N.C. 581, 72 S.E. 630; Broxson v. Robinson, 143 Wash. 1, 254 P. 252; Val Decker Packing Co. v. Treon, 88 Ohio App. 479, 97 N.E.2d 696. * * *

" * * * While a quick verdict may with other circumstances indicate passion or prejudice, promptness alone in returning a verdict is not the basis for a new trial for misconduct of the jury. Fisher v. Leach, Tex.Civ.App., 221 S.W.2d 384, 394.

"Cases are not uncommon in which the jury deliberation was ten to fifteen minutes and motions for a new trial upon the grounds that the verdict was arrived at by haste and inadequate consideration were denied. Casey v. Williams, 47 Wash.2d 255, 287 P.2d 343; O'Connell v. Ford, 58 R.I. 111, 191 A. 501; Bobst v. Hardisty, 199 Wash. 304, 91 P.2d 567; Gaskill v. Cook, Mo., 315 S.W.2d 747.

"A short period of deliberation by a jury before returning a verdict does not establish the proposition that the jury did not properly perform its duties. This is illustrated by quick verdicts such as Beach v. Commonwealth, Ky., 246 S.W.2d 587 where the deliberation was eight minutes and Kitts v. Kitts, Ky., 315 S.W.2d 617 where the period of deliberation was four minutes. The short period of deliberation in such cases may indicate only that the members of the jury felt that the evidence was overwhelming in favor of the party receiving the verdict.

"The right to a fair trial at the hands of a jury is essential to any system of jurisprudence but the presiding justice of the trial court is in a better position to evaluate compliance with this right than the appellate court which 'has to operate in the partial vacuum of the printed record.' Frank, Courts on Trial, 23. This is not to say that an appellate court will refuse to use its superintending power to correct errors and abuses in the interest of justice (RSA 490:4) in a particular case (Hopley v. Chronicle and Gazette Publishing Company, 94 N.H. 171, 49 A.2d 637) but the power will be exercised only for good cause shown. Whether the deliberation of this jury was three minutes or eight minutes, this does not establish misconduct on the part of the jury."

The action of the district court in denying the motion to set aside the verdict on the ground that the jury took only four minutes to reach a verdict indicates that the Judge felt that the jurors had not contemptuously and flippantly disregarded their sworn duty. The record discloses no abuse of discretion in this respect.

The other contentions of the plaintiff have been carefully examined and are found to be without merit.

Affirmed.