[No. 35700.   Department Two.   February 23, 1961.]

T. R. REDDINGTON, *Respondent,* v. WASHINGTON NATURAL
GAS COMPANY, *Appellant.*[1]

*O'Leary, Meyer & O'Leary,* for appellant.

*Foster & Foster,* for respondent.

HUNTER, J.—The plaintiff brought this action to recover for injuries sustained as the result of an explosion of gas which had accumulated from leaky mains in the plaintiff's variety store in Lacey, Washington. The defendant gas company admitted liability, and the case was submitted to the jury on the issue of damages only. The jury returned a verdict in favor of the plaintiff in the sum of $6,062.40, and judgment was entered thereon. The defendant appeals.

The appellant's sole contention is that the damages were so excessive as to indicate unmistakably that the verdict must have been the result of passion or prejudice on the part of the jury.

The parties agree that the respondent sustained the following special damages by reason of the explosion: Medical expenses, $39; property damage, $63.40; cost of employing outside help in the store at the rate of $80 per week

[1] Reported in 359 P. (2d) 497.

for twelve weeks, $960; total amount, $1,062.40. The parties further agree that this constituted a part of the $6,062.40, awarded to the plaintiff by the jury, and that the balance of the verdict, $5,000, was for general damages awarded for pain and suffering sustained by the respondent from the time of the explosion to August 20, 1959, the date of the commencement of this action.

The record discloses that on March 26, 1958, about 9:45 a. m., the respondent unlocked the door of his variety store and stepped inside. He reached behind a counter, turned on a light switch, and a "terrific explosion" occurred. It was of such intensity that the counter, behind which he had reached to turn on the light switch, was knocked over against another counter, six or seven feet away. The entire front section of the store was completely filled with dust. The plaster and moldings were blown off or were left hanging in pieces, leaving the front section of the store between the display window and the door covered with debris. The respondent was thrown bodily about eight feet, and was left dazed and stunned, unable to recall what had happened immediately after the explosion.

The respondent remained at the store for a few hours and attempted to clean up the debris. About 1:30 that afternoon, his wife took him home, where he took some aspirin and went to bed. The next morning he had a dull headache and a severe pain in his right arm, which was black and blue from the wrist almost to the elbow and swollen one-half again its normal size. He went to a physician but X rays disclosed no fracture. The arm was bandaged, and thereafter he wore an elastic bandage on it for about two and one-half months. He experienced a "terrific ringing" in his ears, which persisted almost to the time this action was commenced. He had difficulty with his equilibrium to the extent that he was unable to walk through a door without the assistance of his hands. A week or two after the explosion he experienced nocturnal vomiting which continued for about two months. He was not able to stay at the store for more than two or three hours a day for a period of twelve weeks.

The respondent's physician diagnosed the loss of equilibrium to be the result of an interruption of the function of respondent's inner ear from damage to it caused by the explosion. His physician further testified there was a loss of hearing and the nocturnal vomiting was not inconsistent with an experience of this kind.

The record discloses that no exceptions were taken to any of the instructions and the issue of damages was clearly and fairly presented to the jury. The physical injuries sustained by the respondent were substantial. We are satisfied that the damages awarded were reasonably within the range of the evidence in the record. We find nothing to indicate unmistakably that the verdict must have been the result of passion or prejudice. *Orme v. Watkins*, 44 Wn. (2d) 325, 267 P. (2d) 681 (1954); *Mellis v. Merritt*, 44 Wn. (2d) 181, 265 P. (2d) 1058 (1954).

The judgment of the trial court is affirmed.

HILL, DONWORTH, WEAVER, and OTT, JJ., concur.