[No. 37643.   Department Two.   March 10, 1966.]

JOHN DILLON, *Respondent,* v. DENNIS O'CONNOR et al.,
*Appellants.**

*McMullen, Brooke, Knapp & Grenier,* for appellants.

*Greenwood, Shiers & Kruse,* by *Frank A. Shiers,* for respondent.

WEAVER, J.—This is "The Case of the Costly Canine."[1]

*Reported in 412 P.2d 126.

---

[1] It is *not* a sequel to "The Case of the Somnolent Juror." *Casey v. Williams,* 47 Wn.2d 255, 287 P.2d 343 (1955).

"Bimbo," an acknowledged "tree hound"[2] but without pedigree or registration papers, lost a bout with defendant's automobile. For "Bimbo's" untimely demise, his owner, plaintiff, brought suit against defendant alleging that "Bimbo" was killed as a result of defendant's negligent operation of his automobile. Plaintiff alleged:

> That "Bimbo" had a *reasonable market value* of $2,000 as a trained four-year old animal experienced in hunting and of a blood line known throughout the area and for its capacity in this regard. (Italics ours.)

Defendant appeals from a $1,650 money judgment entered against him after a jury verdict.

This is an appeal on a short record. Rule on Appeal 34(3), RCW vol. 0. The testimony is not before us.

Defendant's first of three assignments of error is directed to instruction No. 18, requested by plaintiff and given by the court.

> In the event you decide to render a verdict in favor of the plaintiff, in determining the value of the dog which was destroyed, you may consider its original purchase price, if any, its age, and the condition of its health. You may also consider the plaintiff's investment in said dog from the point of view of time devoted to its training, maintenance by way of food, and may also consider its pedigree, if any, its grade, if any, *and* its fair market value. The value of such an animal is determined by its market value which includes the foregoing factors *amongst others*. (Italics ours.)

The rationale of plaintiff's action, as illustrated by the allegations of the complaint quoted *supra*, is for recovery of the "reasonable market value" of "Bimbo." A careful reading of instruction No. 18 convinces us that it was intended originally by plaintiff and by the court to be a "market value" instruction.[3] Absent the testimony, we must

---

[2]Webster's Third New International Dictionary, Unabridged (1961), defines "tree dog" as "a dog (as a coonhound) used for treeing game."

[3]On appeal, to mix a metaphor, plaintiff apparently "has switched dogs in the middle of the stream." He contends in his appellate brief that "the evidence did not support the giving of instructions on market value," although plaintiff requested the instruction given.

assume that the evidence justified giving a "market value" instruction, for no claim is made by appropriate assignment of error supported by the record that a "market value" instruction should not have been given.[4]

We believe, however, that instruction No. 18 is misleading, an erroneous statement of the law, and ambiguous.

■■■■ The first two sentences of the instruction are misleading for they authorize the jury to place a value, if any, upon the factors set forth *and* "its fair market value." Thus the instruction authorizes an amount over and above the "fair market value." While the factors mentioned (except "maintenance by way of food"), under proper instructions, may be elements to be considered as having a bearing upon a determination of the "fair market value," it is error to instruct the jury that they have a value in *addition* to the "fair market value." The last sentence of the instruction is not sufficient to correct the error. Further, the instruction is ambiguous by virtue of its "amongst others" phrase at the end of the last sentence. This makes it possible for the jury to speculate and add the value of unknown factors as an additional amount to an award otherwise determined. A proper instruction would also state the date on which the value is to be determined.

■■■ In *Donaldson v. Greenwood*, 40 Wn.2d 238, 242 P.2d 1038 (1952), the court said:

> "Fair market value" means neither a panic price, auction value, speculative value, nor a value fixed by depressed or inflated prices. We have defined it as the amount of money which a purchaser willing, but not obliged, to buy the property would pay an owner willing, but not obligated, to sell it, taking into consideration all uses to which the property is adapted and might in reason be applied. *Ozette R. Co. v. Grays Harbor County,* 16 Wn. (2d) 459, 133 P. (2d) 983.

Defendant's remaining assignments of error are directed to the court's refusal to give requested instructions Nos. 17 and 18.

---

[4] See annotation "Measure of damages for conversion or loss of, or damage to, personal property having no market value" by W. E. Shipley. 12 A.L.R.2d 902 (1950).

Requested instruction No. 17 is a "market value" instruction based upon *McCallister v. Sappingfield*, 72 Ore. 422, 144 Pac. 432 (1914). While we prefer the definition of market value set forth in *Donaldson, supra,* the requested instruction was not improper. Likewise, requested instruction No. 18 was not improper and should have been given. It lists the factors that may be considered by the jury "as bearing upon the reasonable market value of said dog as of January 9, 1962."

The judgment is reversed and the case is remanded for a new trial which, since no error has been assigned to the ascertainment of defendant's liability, shall be limited to a determination of the amount of plaintiff's damage.[5]

Defendant (appellant) shall recover his costs on this appeal.

It is so ordered.

·ROSELLINI, C. J., FINLEY and HAMILTON, JJ., and BARNETT, J. Pro Tem., concur.

[5]See annotations: "Measure and elements of damages for killing or injuring dog," 1 A.L.R.3d 997, and "Amount of damages for killing or injuring dog," 1 A.L.R.3d 1022 (1965) by J. A. Connelly.