Donald Craig BROWN, Appellant,

v.

ST. JOHN MEDICAL CENTER, Appellee.

No. 85541.

Court of Appeals of Oklahoma,
Division No. 1.

June 7, 1996.

Anthony M. Laizure, Tulsa, for Appellant.

David G. Graves, Leslie C. Weeks, Tulsa,
for Appellee.

## MEMORANDUM OPINION

GARRETT, Judge:

Donald Craig Brown (Appellant or Brown) contended his neck was injured by the physical therapy he received at St. John Medical Center (Appellee or Hospital). He sued Hospital alleging negligence. The case was tried before a jury, but it was unable to reach a verdict. At a second trial, the jury returned a verdict for Hospital against Brown. He filed a motion for new trial and contended the jury acted irregularly and was guilty of misconduct because it reached a decision in less than twenty minutes in this complex medical malpractice case. He pointed to the fact that the jury deliberated and returned its verdict on the day before Thanksgiving. The motion for new trial was denied. Brown appeals.

Generally, a motion for new trial may be granted when there is irregularity or misconduct on the part of a jury. See, 12 O.S.1991 § 651. However, Brown has not shown that reaching a verdict in "less than twenty minutes" is jury irregularity or misconduct. In *Wade v. Sumner*, 30 Okla. 784, 120 P. 1011 (1911), the jury had reached a verdict in less than five minutes. The Supreme Court said:

The fact, also, that nine members of the jury agreed to a verdict within five minutes after the case was submitted to them shows conclusively that there was not much doubt in their minds as to which way the case should be decided. While it is not good practice for jurors to use undue haste, or by their acts do aught that might be construed as a lack of proper consideration of the interest of litigants, yet the mere fact that occasionally a jury reaches a verdict within five minutes does not, in itself, and in the absence of affirmative proof that a wrong has been done, argue or prove that the verdict thus rendered is wrong and should be set aside.

Brown contends the irregularity and misconduct of the second jury is evident when compared with the first jury's inability to reach a verdict. We disagree. The outcome of the first trial has no bearing on the sec-

ond. Similarly, the day on which the jurors deliberated has not been shown to cause the jury to be deemed guilty of irregularity or misconduct. In *Wade, supra,* the appellant submitted an affidavit from one juror that the jury had been urged to "hurry up" so that they could attend a local event. This was not found to prove jury misconduct.

In *Broxson v. Robinson,* 143 Wash. 1, 254 P. 252 (1927), the jury had taken only 20 minutes to reach a unanimous verdict. We approve the following statement by the Washington court.

> It is difficult to say what length of time it shall take a jury to properly consider a case. The loser in a lawsuit seldom is satisfied therewith. If the jury decide quickly, he feels that his rights have been trifled with, and, if a long time be taken, he is often sure they were bartered away for the sake of unanimity and escape from a disagreeable duty.

Brown has not shown the trial court erred when it denied his motion for new trial.

AFFIRMED.

CARL B. JONES, P.J., and JOPLIN, J., concur.