HON. ISAAC F. REDFIELD, } ASSISTANT JUDGES.
HON. PIERPOINT ISHAM,

---

### STATE *v.* EBENEZER PADDOCK.

#### *Information. License Law.*

A single act of selling spirituous liquor, without license, constitutes an offense, un
der the statute of 1846. *State* v. *Bugbee*, 22 Vt. 32.

If an information sets forth the offense in the words of the act it is sufficient; and
where an information for a violation of the license law, set forth that the respond
ent sold distilled spirituous liquors, in a less quantity than twenty gallons, and
in quantity of one pint and more, it was held sufficient to prove the offense un-
der each count, as specific as stated; and evidence that the respondent sold dis-
tilled spirituous liquors, in quantity of one pint or more, and less than twenty
gallons, was all that is required.

And where the court, upon such an information, containing one hundred counts,
" directed the jury to return a verdict of guilty for each act of selling;" it was
held, that though the jury are the ultimate judges of both the law and fact, there

State *v.* Paddock.

was no error in the charge, as it must be considered an expression simply of the opinion of the court, of the law in the case.

Where an information, containing one hundred counts, each count having a distinct caption, and was only signed at the close of the last count, and upon the last page, but the pages were connected together, the information was held sufficient.

INFORMATION, in one hundred counts,——for selling without a license, foreign and domestic distilled spirituous liquors in a less quantity than twenty gallons, and in quantity of one pint and more.

The testimony on the part of the government, tended to show that the respondent, between the first day of January, A. D. 1850, and the thirty-first day of December, A. D. 1850, sold rum in various quantities, from one pint to two gallons, at various times, to the number of forty-nine or over.

The respondent requested the court to instruct the jury, that the government must prove the sale of the quantity alledged in the several counts. That proof of the sale of one pint would not support a count for the sale of one quart or one gallon, the proof of the sale of one quart or one gallon would not support a count for the sale of one pint. The court refused so to instruct the jury.

The respondent also requested the court to instruct the jury, that under the present information, they were not at liberty to find the respondent guilty of any breaches, except such as are contained on the last sheet of the paper presented as the information, (that being the only sheet signed, though the sheets were connected together.)

The court refused so to instruct the jury, but directed them to return a verdict of guilty, for each act of selling rum in any quantity less than twenty gallons, not exceeding in number, the counts, for selling rum, contained in all the sheets of the paper submitted as the information in this case.

To all which, the respondent excepts.

After verdict and before judgment, respondent also moved in arrest of judgment and sentence, for the insufficiency of the information, which motion was overruled by the court.

To which the respondent also excepts.

*Washburn & Marsh* and *Tracy, Converse & Barrett* for respondent.

XXIV. 21

1. Every charge in an indictment must be sufficient to support itself. And the respondent should be informed, in the indictment, of the extent of the crime with which he is charged.

In the present indictment, he is charged, in one count, for instance, with selling one gallon of rum, and the jury "directed," (the jury not being permitted to judge of the law or fact,) to bring in a verdict of guilty on that count, even though the proof show a sale of but one pint. We think that herein there is error. 1 Chit. Crim. Law, 172, 229.

An indictment, or information, should state the offense charged with precision, "should be certain to every intent, and without any intendment to the contrary. 1 Chit. Crim. Law, 172.

2. The jury are the judges of the law in criminal cases. *State v. Croteau,* 23 Vt. 14. U. S. Law Mag. Sept. No., 1851, p. 257, 278.

No discretion was left to the jury in this case, of law or fact ; they were but the mere automatons of the court, and signed such verdict as they were directed to. Such a course of proceeding is repugnant to the constitution of our State, and to the decisions of this court. Art. 10 of Constitution, Comp. Stat., p. 32.

3. Judgment should be arrested for the insufficiency of the information. There are but five perfect counts in the information in all.

It is not enough for a States' Attorney to fill up one sheet of blank counts in an indictment and sign one of the half sheets and then claim that twenty-one other half sheets unsigned are made perfect indictments by merely stringing them to the first half sheet that is signed.

This is dispensing criminal justice in quite too criminal a manner—and is establishing a precedent that may ultimately be productive of evil consequences.

The law which has always governed in matters of this kind, ought not to be further relaxed.

*W. C. French* States' Attorney.

It is well settled, not only in civil suits, but in criminal prosecutions, that a party is not bound to prove the allegations of *time, place, quality, quantity,* or *value* as alleged, unless they are descriptive. 1 Greenleaf Ev. § 61. 3 Starkie Ev. 1539.

State *v.* Paddock.

2. The fact, that each sheet has a distinct caption, is no objection, for it is no part of the bill, and may be rejected as surplusage. *State* v. *Gilbert*, 13 Vt. 647. *State* v. *Nixon*, 18 Vt. 70.

We are not aware of any objections to this information, which do not apply to the information. *State* v. *Bowen*. As to the information, *State* v. *Hogedon*, 3 Vt. 481. *State* v. *Gilbert*, 13 Vt. 647. *Clark* v. *Stoughton et al.*, 18 Vt. 50.

The opinion of the court was delivered by

ISHAM, J. Several questions have been raised in this case both on exceptions taken on the trial, and on a motion in arrest.

The statute upon which this information has been filed, provides, " that any person, who shall deal in the selling of distilled " spirituous liquors, and in quantities of one pint or more, and less " than twenty gallons, shall be deemed a retailer, &c."

It is objected, that this information does not charge the respondent, as being a *dealer* in the selling of spirituous liquors, but simply, that on specific occasions, he made such sales, for which this complaint is filed. This objection goes upon the ground, that the words in the act " *deal in the selling,*" refer to the case of a regular and continued business and employment on the part of the respondent. Whereas, the information sets forth simple acts of selling, without having any connection with its being his regular and continual employment. This objection must be considered as overruled in the case of *State* v. *Bugbee*, 22 Vt. 32. Where the court held, that a single act of selling constituted an offense under the act. The objection, also, that the quantity sold, is set in the different counts, in figures, rather than words, must be considered as overruled in the case of *Clark* v. *Stoughton et al.*, 18 Vt. 50.

We think, also, the objection cannot prevail, that the proof of sale under each count, must be confined to the specified quantity as there stated. It is sufficient if the information sets forth the offense, in the words of the act, and any greater particularity is unnecessary, and so is consequently a greater particularity in the proof. It was sufficient to prove the offense under each count, as specific only, as it is necessary it should be stated, and evidence that the respondent sold distilled spirituous liquors, in quantities of one pint or more, and less than twenty gallons, was all that is required.

The most important question arising in the case is upon the charge of the court.   Wherein the case finds, that the court " *directed* the jury to return a verdict of guilty, for each act of selling."

And it is urged, that the jury, in cases of this character, are judges of the law and fact, and that under this charge, that right was taken from the jury.   In criminal cases it is the duty of the court to aid and instruct the jury, and decide upon the law arising in the case.   But the jury are the ultimate judges of both the law and fact, and this right cannot be taken from them.

To make this objection available however, it must appear affirmatively in the exceptions, that error exists, for every reasonable intendment will be made in favor of the charge of the court.   If it appeared, that the court were requested to charge or inform the jury that they were judges of the law and fact, and that the court neglected or refused so to do, and directed them, as to the verdict they were to bring in, the exceptions would have been well taken. But as the matter now rests, that direction in the choice of the court, must be considered as an expression simply of his opinion of the law in the case, and which it was his duty to give, and as informing the jury, that it was their duty, to return such a verdict, without in any way controverting their ultimate right of exercising their own judgment in the case.   For the want of positive error, affirmatively appearing in the exceptions, this objection is overruled.   As is also the objection, that each page in the information is not signed by the informing officer.

The information being signed at the close of the last count, on the last page, and the different pages being connected together, as they are, we deem the information sufficient.

We think, however, the judgment must be arrested on the 6th count.   And also the 84th—the 6th is held insufficient for being illegible ; and the 84th, as not specifying the time when the offence took place—and that the respondent take nothing by his exceptions and motion in arrest, as to the remainder of the counts on which he was convicted.