TRAVERS & THOMAS *v.* MICHAEL RUPE ET AL.

(75 A2d 692)

May Term, 1950.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY, ADAMS and BLACKMER, JJ.

Opinion Filed October 3, 1950.

*Sennett & Sennett* for the defendants.

*J. Malcolm Williams* for the plaintiffs.

JEFFORDS, J.  This is an action of contract to recover for labor and materials furnished in the construction of a building.  Verdict and judgment for the plaintiffs.

The defendants made a motion to set aside the verdict on the ground that it was against the weight of the evidence.  The motion was denied and an exception allowed the defendants to the ruling. The only question here presented is based on this exception.

That this is a discretionary ground is not questioned and see *Russell* v. *Pilger,* 113 Vt 537, 543, 37 A2d 403. The defendants claim that the lower court did not exercise its discretion in passing on the motion and, if we decide that it did, then in its exercise, it abused its discretion.

We have repeatedly held that when the trial court is properly called upon to exercise its discretion it must do so and to withhold it is error. *Russell* v. *Pilger, supra.* We must presume that the discretion was exercised since the law required it; and unless it appears from the record that the court failed or refused to exercise it, the first ground of the exception is unavailing. *State* v. *Stacy,* 104 Vt 379, 389, 160 A 257, 747; *Murray* v. *Nelson,* 97 Vt 101, 110, 122 A 519. In determining this question we apply the rule that the construction of the record on review is always against the excepting party. *Conn Boston Co.* v. *Griswold,* 104 Vt 89, 96, 157 A 57.

While it does appear from the record that the court took a short time—a few minutes—to consider the motion, it is shown that the matter was given attention and discretion exercised. We cannot say as a matter of law that the time spent in consideration of the question was so short as to amount to no consideration at all.

In handing down its decision denying the motion the court used language possibly susceptible of the construction that it was ruling as it did because it did not wish to disturb a verdict brought in by a jury after what the court felt was a fair trial, but a fair construction of the language is not to that effect. Apparently, what the court meant was that it felt it should not make any order setting aside the verdict at hand as it believed the case had been well and fully tried and the jury had evidently seen fit to take the evidence favorable to the plaintiffs as a basis for their decision.

The defendants in support of their claim of abuse of discretion point out that the jury brought in a verdict for the full amount sought by the plaintiffs. They cite testimony from two witnesses which they say shows that this figure could not justly have been arrived at. In support of this claim they rely largely on the statement appearing in *Granite City Creamery Co.* v. *B. & K. Cheese Co.,* 115 Vt 408 at 413, 63 A2d 193, 196, that: "The general rule is that where a creditable witness testifies directly and positively to a fact and is not contradicted and there is no circumstance shown from which an inference against the fact testified to can be drawn, that

fact may be taken as established." The trouble with the defendants' claim is that the rule does not here apply.

A careful examination of the transcript shows that most of the statements of these witnesses were contradicted by other witnesses. As to other faults and defects testified to by the witness Webber, the jury could have found that some were due to changes in the original plan for the construction of the building ordered by the defendants over the protests and warnings of the plaintiffs with the resulting responsibility for any such defects in construction in the defendants; while others were defects for which the plaintiffs were not otherwise responsible or were minor, with no showing of resulting damage.

The rule to be applied in determining whether the lower court erred in denying a motion to set aside a verdict on the ground that it is against the weight of the evidence has been stated as follows: "We do not upset a verdict merely because the evidence preponderates against it. To justify this Court in sustaining the exception under discussion it must appear from the record that the evidence so preponderates against the verdict as to leave no reasonable basis upon which it can stand." *Enos* v. *Owens Slate Co.,* 107 Vt 125, 128, 176 A 121, 122; *Catto* v. *Liberty Granite Co.,* 101 Vt 143, 147, 141 A 684. The record in this case clearly brings the plaintiffs within this rule.

*Judgment affirmed.*