Grafton,
No. 4736.

ROY E. PATTEN *v.* ROLAND W. NEWTON.

Argued March 1, 1960.

Decided March 31, 1960.

*Bernard I. Snierson* and *John P. Chandler* (*Mr. Chandler* orally), for the plaintiff.

*Nighswander, Lord & Bownes* (*Mr. Bownes* orally), for the defendant.

KENISON, C. J. This is a case of an expeditious jury.

It appears from the notes of the stenographer that the jury retired to the jury room in the afternoon at 3:13 and returned their verdict at 3:21. This period of eight minutes might be described as the portal-to-portal time since some portion of this period was required to go to and from the jury room. There was also testimony of a deputy sheriff that the period of jury deliberation was "slightly over three minutes."

Curiously enough the question whether "the brevity of the jury's deliberations established inadequate consideration of the issues"

has received only cursory attention in this state (*Colburn* v. *Normand*, 96 N. H. 250, 255) and has been given only summary consideration elsewhere. 9 Blashfield, Cyc. of Automobile Law & Practice, s. 5909, note 63; 3 Barron & Holtzoff, Federal Practice & Procedure 369, 370. In those cases where the period of jury deliberations has been twenty to thirty minutes, motions to set aside the verdict or for new trials have usually been denied on the ground that ordinarily the time consumed by a jury in its deliberations is no criterion of the merits of their determination of the case. *Carrara* v. *Noonan*, 69 R. I. 111; *Urquhart* v. *Railroad*, 156 N. C. 581; *Broxson* v. *Robinson*, 143 Wash. 1; *Val Decker Packing Co.* v. *Treon*, 88 Ohio App. 479. In this type of case it has been pointed out that in passing on a motion for a new trial the controlling consideration is the nature of the evidence and not the time that the jury consumes in reaching its verdict. *Mahoney* v. *Smith*, 78 R. I. 56; *Conner* v. *Pennsylvania Railroad Co.*, 163 F. Supp. 718 (E. D. Pa. 1958) *aff'd Conner* v. *Pennsylvania Railroad Co.*, 263 F. 2d 944 (3d Cir. 1959).

In the present case the issues are not complicated even though the jury were given instructions relating to negligence, contributory negligence, last clear chance and action in emergencies. Essentially, the case was routine in nature involving the familiar question whether the defendant's negligence, if any, was causal and if so, whether the plaintiff was barred by contributory negligence. The jury were instructed to first determine the issue of the defendant's liability. A finding for the defendant on this issue would necessarily terminate their deliberations. There is no statute which prescribes the length of time that a jury should deliberate before reaching their verdict and in some states they are permitted to do this without retirement from the jury box. *Gulf B. & K. C. Ry. Co.* v. *Harrison*, (Tex. Civ. App.) 104 S. W. 399. While a quick verdict may with other circumstances indicate passion or prejudice, promptness alone in returning a verdict is not the basis for a new trial for misconduct of the jury. *Fisher* v. *Leach*, (Tex. Civ. App.) 221 S. W. (2d) 384, 394.

Cases are not uncommon in which the jury deliberation was ten to fifteen minutes and motions for a new trial upon the grounds that the verdict was arrived at by haste and inadequate consideration were denied. *Casey* v. *Williams*, 47 Wash. (2d) 255; *O'Connell* v. *Ford*, 58 R. I. 111; *Bobst* v. *Hardisty*, 199 Wash. 304; *Gaskill* v. *Cook*, (Mo.) 315 S. W. (2d) 747.

A short period of deliberation by a jury before returning a verdict does not establish the proposition that the jury did not properly perform its duties. This is illustrated by quick verdicts such as *Beach* v. *Commonwealth*, (Ky.) 246 S. W. (2d) 587 where the deliberation was eight minutes and *Kitts* v. *Kitts*, (Ky.) 315 S. W. (2d) 617 where the period of deliberation was four minutes. The short period of deliberation in such cases may indicate only that the members of the jury felt that the evidence was overwhelming in favor of the party receiving the verdict.

The right to a fair trial at the hands of a jury is essential to any system of jurisprudence but the presiding justice of the trial court is in a better position to evaluate compliance with this right than the appellate court which "has to operate in the partial vacuum of the printed record." Frank, Courts on Trial, 23. This is not to say that an appellate court will refuse to use its superintending power to correct errors and abuses in the interest of justice (RSA 490:4) in a particular case (*Hopley* v. *Company*, 94 N. H. 171) but the power will be exercised only for good cause shown. Whether the deliberation of this jury was three minutes or eight minutes, this does not establish misconduct on the part of the jury.

The Trial Court's action in denying the motions to set aside the verdict or to grant a new trial indicates that the jury's verdict was not in disregard of their duty to consider all the evidence. Our examination of the record discloses no abuse of discretion in this respect.

The plaintiff also alleges error in the verdict on the basis of an affidavit by a deputy sheriff who overheard one of the jurors say during the course of the trial at a recess, "I wish I were foreman of this jury. I would make short work of it." Whether this statement indicated bias and whether the Trial Court should have interrogated the whole jury in respect to their verdict were questions for the Presiding Justice in which no error is shown in this record. *Curtis* v. *Car Works*, 74 N. H. 600; *State* v. *Frazier*, 74 N. H. 112; *Brody* v. *Boutin*, 95 N. H. 103.

*Exceptions overruled.*

All concurred.