## State of Vermont v. Perley W. Lumbra

[ 177 A.2d 356 ]

November Term, 1961

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed January 2, 1962

*George T. Costes,* Grand Juror for the city of St. Albans, for the State.

*N. Henry Press* for the respondent.

**Hulburd, C. J.** The respondent was found guilty of operating a motor vehicle while under the influence of intoxicating liquor. His motion to set aside the verdict was denied by the trial court. On appeal here, three grounds, all of them pertaining to the motion to set aside, are relied upon. The first of these briefed by the respondent is as follows:

"5. That the Jury, due to to its limited deliberations, could have based its Verdict only on the result of the blood test which was unlawfully taken as prescribed in Title 23, §1190, Vermont Statutes Annotated."

The statement that the jury "could have based its verdict only on the result of the blood test" runs into the following evidence. On December 24, 1959, the respondent, at the end of his day's work, was at a pre-Christmas party and had had, he "would say," three drinks. Afterwards he went into the Brown Jug for "one more drink." This was a drink of rye. Thereafter, about an hour after he got out of work, the respondent ran into a stopped vehicle as he was attempting to make a turn from one street to another. A police officer was at the intersection and saw what occurred. To the officer, "it looked like he (the respondent) was wrestling with the wheel, and he came clear across the other lane, and he hit the other car head-on, almost perfect head-on." This was in the other vehicle's lane of travel. When he approached the respondent, the officer found an operator who was almost unable to walk or talk. In taking him into custody, he said, "I had to almost carry him to the police cruiser." In the officer's opinion the respondent was intoxicated.

From this brief recitation of a part of the evidence, it is readily apparent that it is not true that the jury could have based its verdict only on the result of the blood test. The evidence was such that a jury would have been entirely justified in convicting the respondent as charged without regard to the blood test evidence.

In addition to the foregoing, there was testimony of a Dr. E. A. Morton that he took a blood sample from the respondent. The respondent, himself, testified that prior to the taking of the blood the doctor asked him if he wanted the blood test and that he answered "yes." This sample turned out to contain 0.26 per cent by weight of alcohol. At the time this evidence came in, no objection to any of it was made by the respondent. Later, in a motion to set the verdict aside, the respondent raised for the first time the claim that his blood was unlawfully taken. He points to the statute which reads as follows:

"Only a physician acting at the request of an enforcement officer of the department of public safety may withdraw any blood of any person submitting to a chemical test under §§1188-1194 of this title * * *" 23 V.S.A. §1190. An inspection of the transcript discloses no definite evidence as to who requested the doctor to withdraw the blood from the respondent. The respondent, by his own testimony, made clear that he consented to its being done. With the evidence standing as we have stated it, the case went to the jury and the

respondent was convicted. Thereafter he seeks to raise in his motion to set the verdict aside a question as to whether the blood sample was lawfully taken. We think that the trial court might properly take the position that to allow the respondent to raise this objection for the first time, after verdict, would be unfair to the State. It well may be that had this objection been made at the time that the evidence was being presented the State could have shown at what officer's request the blood sample was being taken and that in fact it was done at the request of a proper officer. We do not indulge in presumptions that what has been done was done unlawfully. Official actions are presumed to be regular unless the contrary is made to appear. *Ryan* v. *Orient Ins. Co.* 96 Vt. 291, 307, 119 A. 423. As the evidence stands, it cannot be said that the blood sample was unlawfully taken. The motion to set the verdict aside was, therefore, properly denied so far as this ground is concerned.

The motion to set aside was also based on the following ground:

"6. That the presumptions of being under the influence of intoxicating liquor as prescribed in Title 23, §1189, V.S.A., were intended by the Legislature to apply only in cases where the blood test had been lawfully taken in accordance with the Statutes of this State."

It is obvious that this ground of the motion falls with the preceding since it is based on a false premise, namely, that the blood sample was unlawfully taken. We have just seen that this cannot be said to be so as the evidence stands. This ground, therefore, furnished the trial court no basis for setting the verdict aside.

There remains but one further ground for consideration, which reads as follows:

"4. That due to the time taken by the Jury in its deliberations of said case, namely, approximately eight (8) minutes, the Jury did not make a fair review of the evidence, and its Verdict was arrived at and based upon prejudice, passion and capriciousness."

The law does not attempt to prescribe the length of time which a jury should take to arrive at a verdict. Indeed it has been held that a jury may render a verdict without retiring. *Val Decker Packing Co.* v. *Treon,* 88 Ohio App. 479, 97 N.E.2d 696. Of course, the trial court may—and doubtless should—cause the jury to recon-

sider its verdict if it considers that their decision is so hasty as to indicate, in the circumstances, either a flippant disregard or a perfunctory performance of their duties. *Urquhart* v. *Durham & S.C.R. Co.,* 156 N. C. 581, 72 S.E. 630. Specifically, it has been held that a period of deliberation of eight minutes was not unreasonable. *Beach* v. *Commonwealth,* Ky, 246 S.W.2d 587. See also *O'Connell* v. *Ford,* 58 R.I. 111, 191 Atl. 501; *Alabama Farm Bureau Mut. Cas. Ins. Co.* v. *Dalrymple,* 270 Ala. 119, 116 So.2d 924; *Patten* v. *Newton,* 102 N.H. 444, 159 A.2d 809; and generally, 89 C.J.S. p. 93.

We think that the trial court might well have considered, in the light of the evidence, that it was the strength of the State's case which affected the duration of the jury's deliberation rather than any failure on their part to give the case adequate consideration. There was but one issue to decide. It was simple and uncomplicated and readily capable of resolution. The trial court, with its advantage of having heard and seen the witnesses as they testified, was in a better position to form a judgment on this matter than we are. There is nothing in the case tending to indicate an abuse of discretion on the trial court's part in ruling as it did. With this so, an intervention by this Court would be improper. *Travers & Thomas* v. *Rupe,* 116 Vt. 314, 75 A.2d 692.

No reason has been shown why the respondent has not had a fair trial. No error appears.

*Judgment affirmed. Let execution be done.*