165 So.2d 819 (1964)
Annie Mae PARK, a Widow, Appellant,
v.
BELFORD TRUCKING CO., Inc., et al., Appellees.
No. 63-617.
District Court of Appeal of Florida. Third District.
June 9, 1964.
Rehearing Denied July 20, 1964.
*820 Fuller & Brumer, Kenneth L. Ryskamp, Miami, for appellant.
Wakefield & Underwood, Scott, McCarthy, Preston & Steel and Phillip Goldman, Miami, for appellees.
Before CARROLL, HORTON and HENDRY, JJ.
HENDRY, Judge.
Plaintiff instituted two actions, one under the wrongful death act,[1] and the other as administratrix of the estate of her husband under the survival statute.[2] The actions were consolidated and tried before a jury which returned a verdict of $104,500 on the first cause of action and $5,000 on the second. The defendant's motion for a new trial as to both actions, was granted as to the first, on damages only, and denied as to the second. The plaintiff appeals the order granting a new trial, for the determination of damages only.
*821 Although we may only consider those grounds specified by the trial judge in granting the motion for new trial,[3] it will be necessary for us to set forth the judge's order in its entirety:
"AFTER DUE NOTICE to the parties, this cause came on to be heard before me on the post-trial motions of the defendants, including a motion for new trial or in the alternative for a remittitur. The Court has heard argument of counsel and being otherwise duly advised in the premises, finds that a new trial must be granted solely on the issue of damages. The Court further finds that in all other respects defendants' post trial motion should be denied.
"The Court has deliberated on this matter for many months and concludes that the verdict in the amount of $104,520 for the plaintiff is grossly excessive, without foundation in the evidence, and is shamefully shocking to the Court's judicial conscience. In this respect the Court concludes that the 15th, 16th, 17th and 18th grounds of the motion for new trial have merit and it is upon the basis of these grounds that a new trial on the issue of damages is granted.
"The most cursory analysis of the evidence reveals that to justify a verdict in the amount returned the jury would have to have found damages in the approximate sum of $750,000, prior to reducing the appropriate parts thereof to present value.
"Not only is this verdict against the manifest weight of the evidence but there is a complete dearth of competent and substantial evidence to support it. One must therefore conclude that the jury arrived at their results out of capriciousness, sympathy, indifference, or through an utter refusal to perform their duty consistent with the Court's instructions.
"On, the issue of liability, the evidence appears to be in conflict. While the Court has carefully noted each of the grounds of the motion for new trial relating to this issue nothing is to be gained by a retrial of the liability issue. Hence, the motion for new trial on all matters, except the issue of damages, should be denied. It is accordingly,
"ORDERED AND ADJUDGED as follows:
"(1) The defendants' motion for new trial upon the 15th, 16th, 17th and 18th grounds be and the same is hereby granted; in all other respects the defendants' post trial motions be and the same are hereby denied.
"(2) A new trial solely on the issue of damages is hereby granted to the defendants and the same shall be duly set by the Clerk of this Court in accordance with law.
"(3) That certain final judgment heretofore entered in this cause by me under date of January 11, 1963 be and the same is hereby set aside and declared null and void."
The 15th, 16th, 17th and 18th grounds incorporated by reference into the judge's order are as follows:
"15. The Court erred in failing to advise or inform the jury that in the event they found for either plaintiff in these consolidated cases, they should reduce any award for future losses to their present cash values for it is apparent that they did not reduce such award for future losses from the size of their verdict.
"16. The Court erred in failing to adequately instruct the jury on the various items of damages to which each plaintiff was entitled to recover, if they found for the plaintiff, and the jury erroneously commingled their awards *822 for loss of such items as is reflected in the inconsistent amounts of their respective verdicts.
"17. It affirmatively appears that the jury deliberated only approximately twelve minutes on the question of liability when they returned to ask highly improper questions on the subject of damages, thus indicating they had reached a conclusion as to liability and that they had thereafter returned their verdict deliberating a total of approximately twenty-five minutes, evidencing an utter lack of regard for the performance of their sworn duties and utter disregard for obedience to the court's instructions to them.
"18. It affirmatively appears that from the total amount of the jury's verdicts, to-wit, $109,520.00 that to arrive at such amount the jury had to completely disregard its instructions of law and the evidence and based its verdict on prejudice, caprice, or other ulterior and illegal motives, thus evidencing a full lack of lawful consideration of the issue of liability as well as the issue of damages."
It is our conclusion that the trial judge abused his discretion in ordering a new trial. We therefore reverse that order and remand for the reinstatement of the final judgment entered on January 11, 1963.
The trial court incorrectly relied on ground 15 in support of its granting a new trial because the record amply demonstrates that the jury was instructed to reduce the damages to their present worth. In fact the charge was given as requested by the defendants, and they may not complain about such a charge if given.[4]
We next consider ground 16 wherein appellee contends that the trial judge incorrectly charged the jury on the question of damages when he gave the following charge:
"You are charged that should you find liability under the law and the evidence that I have given you in favor of the plaintiff, that she, as a widow, would be entitled to have you consider the following elements of damages  this is in her case as a widow  [a] loss of support since his death, if any has been proven; [b] any loss of his future estate, that is to say any funds or assets that he would accumulate until he should die and that share of those assets which she would normally share in, if any; [c] comfort, companionship, and protection of her husband, if any; [d] the marital relations that existed and would exist between the deceased and the widow, [e] any loss of services that he would normally perform on behalf of the wife, if any." [Bracketed letters supplied.]
The Florida Supreme Court set out the proper elements of damages recoverable in a wrongful death action in Dina v. Seaboard Air Line Ry. Co., 90 Fla. 558, 106 So. 416, 417:
"The widow's claim for damages for the death of her husband by the wrongful act of another is based on the following elements: (1) Her loss of the comfort, protection, and society of the husband in the light of all the evidence in the case relating to the character, habits, and conduct of the husband as such. (2) The marital relations between the parties at the time of and prior to his death. (3) His services, if any, in assisting her in the care of the family. (4) The loss of support which the husband is legally bound to give the wife, and which is based on his probable future earnings and other acquisitions. (5) The station in society which his past history indicates that he would probably have occupied *823 and his reasonable expectations in the future, such earnings and acquisitions to be estimated upon the basis of deceased's age, health, business capacity, habits, experience, and energy, and his present and future prospects for business success at the time of his death  all of these elements to be based upon the probable joint lives of the widow and husband. (6) She is also entitled to compensation for loss of whatever she might reasonably have expected to receive in the way of dower or legacies from her husband's estate in case her life expectancy be greater than his  the sum total of all these elements to be reduced to a money value, and its present worth to be given as damages."
It is apparent from comparing the charge given in the instant case with that required as illustrated by the Dina case, supra, that the judge correctly charged the jury on the elements of damages, insofar as the defendant was concerned. The judge could have included other elements of damages in his charge which were not included. If there was an error in this jury charge, the only one in a position to complain is the plaintiff.
In further support of the proposition that the trial court incorrectly relied on ground 16 is appellant's contention that appellee failed to properly raise the alleged error. We agree. The failure of the trial court to properly instruct the jury may not be raised for the first time in a motion for new trial.[5] A general objection to the charges as given or not given, does not satisfy the above requirements.[6]
The trial court similarly erred in relying on ground 17 for granting a new trial for the reason that the jury deliberated only a short time. The parties refer us to no Florida cases and our research reveals none wherein this question has been discussed so we assume it to be a question of initial impression. The courts which have considered this problem universally hold that the length of time within which a jury confers is not in and of itself sufficient grounds to grant a new trial.[7] We agree with those courts.
We do not disagree with the proposition that a trial judge may grant a new trial where it is evident that the jury has not followed the law as instructed or has generally abrogated or failed to fulfill their functions according to law, but a jury verdict arrived at in a short period of time is not sufficient evidence to establish the fact that the jury failed to fulfill its function. The short period of time would be some evidence, but without more it would be error for the trial judge to grant a new trial.
It appears to us that the trial judge substituted his judgment for that of the jury's and in this regard he erred. There has been an insufficient showing to demonstrate that the jury's verdict was based on "prejudice, caprice or other ulterior and illegal motives" (ground 18) to justify granting a new trial.
Accordingly the order appealed is reversed and the cause remanded with instructions to reinstate the judgment of January 11, 1963.
Reversed and remanded.
NOTES
[1] § 768.01, Fla. Stat., F.S.A.
[2] § 45.11, Fla. Stat., F.S.A.
[3] § 59.07(4), Fla. Stat., F.S.A.
[4] Karl v. Ritter, Fla.App. 1964, 164 So.2d 23.
[5] Rule 2.6(b), F.R.C.P., 31 F.S.A.
[6] Berger v. Nathan, Fla. 1953, 66 So.2d 278; Butler v. Watts, Fla.App. 1958, 103 So.2d 123.
[7] Segars v. Atlantic Coast Line Railroad Company, 286 F.2d 767 (4th Cir.1961); Patten v. Newton, 102 N.H. 444, 159 A.2d 809 (1960), and cases cited therein.