# Nash John v. A. Charles Fernandez

[ 205 A.2d 552 ]

October Term, 1964

Present: Holden, C. J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed December 1, 1964

*Davis, Martin & Free* for plaintiff.

*Theriault & Joslin* for defendant.

**Shangraw, J.** This is a suit for injuries alleged to have been sustained by the plaintiff on January 20, 1960, when, as a business visitor, he slipped and fell on restaurant premises owned by the defendant. At the time of the accident the premises were leased to Octave C. Loso and Almon Thorn and operated by them as a restaurant under the style name of Miss Montpelier Diner. A few days previous to the bringing of this action the plaintiff had brought a separate action against the lessees for the same alleged injuries. The allegations in the two actions were substantially the same. Generally, it was alleged that the defendants had failed to keep the entrance-way and stairway to the premises in a reasonably safe condition for use by business visitors.

The two suits were entered in the Washington County Court. In this action against the defendant A. Charles Fernandez the plaintiff moved for permission to add the lessees, Octave Loso and Almon Thorn, as parties defendant in that action, pursuant to the provisions

of 12 V.S.A. §§1071(a) and 1071(b). The plaintiff also asked leave to amend his complaint by substituting the word "defendants" for the word "defendant" in each and every place that the latter appeared in the complaint. The motions were denied.

Upon request of the plaintiff, the court in its discretion passed the cause to this Court under the provisions of 12 V.S.A. §2386 for a determination of the questions of law sought to be reviewed. The questions set forth for review pursuant to the Rules of Practice in Supreme Court, Title 12, App. 1, Rule 2A, and before us for consideration are as follows:

"(1) Was the Washington County Court correct in denying the Plaintiff's Motion to add as party defendants in the case of Nash John vs. A. Charles Fernandez, Octave C. Loso and Almon Thorn, co-partners in trade and doing business under the firm name and style of Miss Montpelier Diner?

(2) Was the Washington County Court correct in denying plaintiff's motion to amend his complaint in the case of Nash John vs. A. Charles Fernandez?"

12 V.S.A. §1071(a) entitled "Joinder of parties," insofar as here pertinent provides:

". . . All persons may be joined in one action as defendants against whom there is asserted jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence or series of transactions or occurrences and as to whom any question of law or fact common to all of them will arise in the action. . . ."

Section 1071(b) entitled "Nonjoinder and misjoinder" provides as follows:

"Nonjoinder and misjoinder of parties are not grounds for dismissal of an action. Parties may be dropped or added at any stage of the action by the court on motion of any party or of the court's initiative upon such terms as are just. Any claim against a party may be severed and pursued separately."

Section 1071(a) was derived from Rule 20 (a) and section 1071(b) from Rule 21 of the Federal Rules of Civil Procedure. 28 USCA. A comparison of these Federal rules with the above quoted sections of our statutes reveals that in all material respects they are identical.

The above statutes were enacted in 1959 and this Court has had no opportunity to pass upon their interpretation. Therefore, we seek outside aid concerning their counterparts—that is Federal Rules 20(a) and 21. Barron & Holtzoff, Federal Practice and Procedure, Rules Edition, Vol. 2, §531, at pages 177 and 178, in referring to Rule 20(a) states: "The permissive joinder rule is procedural in nature, and is designed to remove the common law obstacles to joinder, without affecting the substantive rights of the parties. . . . The rule is also intended to promote trial convenience, prevent a multiplicity of suits, and expedite the final determination of litigation by inclusion in one suit of all parties directly interested in the controversy despite technical objections previously existing in many situations. . . . The rule should therefore be liberally construed and applied in practice when consistent with convenience in the disposition of actions."

Again referring to Barron & Holtzoff, *supra*, §543, at page 223, in referring to Federal Rule 21, states: "The granting or denial of a motion to bring in additional parties, or to drop a party to the action, is not a matter of right, but rather one of discretion, and the order may not be disturbed unless abuse of discretion is shown." Citing *Curacao Trading Co.* v. *Federal Ins.* 137 F.2d 911 (2d Cir. 1943), cert. denied, 321 U.S. 765, 88 L.Ed 1061. See 39 Am. Jur. Parties, §85, pg. 956. A wide discretion is vested in a trial court relative to joinder of parties. *Meyercheck* v. *Givens,* 180 F.2d 221 (7th Cir. 1950).

▪ ▪ ■ The controlling question here for determination is whether the trial court abused its discretion in denying plaintiff's motion to add the lessees as parties defendant in this action. This motion was addressed to the discretion of the trial court and its action thereon is not reviewable, unless it appears that it withheld or abused its discretion. In considering this question we are bound to indulge every reasonable presumption in favor of the ruling below. *Towle* v. *St. Albans Publishing Co.,* 122 Vt. 134, 142, 165 A.2d 363. As stated in *Grow* v. *Wolcott,* 123 Vt. 490, 492, 194 A.2d 403, ". . . an appellate court, in reviewing a ruling properly made as a matter of discretion, must affirm the decision of the trial court, if the action that the court took was one of the discretionary courses open to it." The recognized test in this state of abuse of discretion is whether the discretion of the trial court was exercised on grounds or for reasons clearly untenable,

or to an extent clearly unreasonable. *Stone* v. *Briggs,* 112 Vt. 410, 415, 26 A.2d 828, 831.

In support of the motion for the addition of the lessees as parties defendant, plaintiff's position is stated in his brief in this language: "As the pleadings now stand it must be determined which of the defendants, if in fact control was not joint, is responsible for the area where plaintiff fell. . . . It is a virtual certainty that one or the other or both of the defendants had the use and control of this area." On this basis plaintiff urges that justice will be more readily served if all the defendants are joined in one action so that the primary question can be litigated in one single suit. To this, the defendant counters by challenging the sufficiency of the plaintiff's complaint by reason of the absence of any allegation implying joint control and liability, even though the requested amendment had been granted. Our final result does not turn on this point.

At this point we do, however, call attention to the fact that possession and control of the area where plaintiff fell and sustained his claimed injuries is a critical issue. On the subject of liability of landlord, or tenant, in actions of this character, see, *Beaulac* v. *Robie and Slayton,* 92 Vt. 27, 32-33, 102 Atl. 88; *Soulia* v. *Noyes,* 111 Vt. 323, 327, 16 A.2d 173; *Wool* v. *Larner,* 112 Vt. 431, 435, 26 A.2d 89; *Lavigne* v. *Rossetti,* 118 Vt. 456, 459, 114 A.2d 407.

Loso and Thorn are not indispensable parties to this action. A complete determination of the controversy between the plaintiff and defendant in this action can be had without the presence of the lessees. The issue presented to this Court for review under 12 V.S.A. §2386 is whether or not we can say that the trial court's refusal to grant the motion to permit the joinder of additional parties was an abuse of discretion as a matter of law. Stated differently, does the motion support a joinder as matter of law? Our answer is in the negative. The plaintiff cannot prevail.

The action of the trial court in refusing to permit the plaintiff to amend his complaint is tied to the question of joinder. In view of our disposition of the joinder issue, the proposed amendment requires no consideration at this time.

*The order denying plaintiff's motion to join Octave C. Loso and Almon Thorn, lessees, as additional parties defendant is affirmed. The cause is remanded.*