## State of Vermont v. Richard L. Morrill

[ 253 A.2d 142 ]

February Term, 1969

Present: Holden, C.J., Shangraw, Barney, Keyser, JJ., and Larrow, Supr. J.

Opinion Filed April 1, 1969

508

 

*Patrick J. Leahy,* State's Attorney, and *Charles R. Tetzlaff,* Assistant State's Attorney, for the State.

*Paul, Frank & Collins* for the Defendant.

**Keyser, J.** On November 2, 1967, Richard L. Morrill was convicted by a jury in Chittenden County Court of the crime of statutory rape and given a lengthy prison term. His appeal to this court presents three questions: (1) Whether the deliberation by the jury of only one-half hour means that they must have ignored the court's charge and based their verdict on mistake, passion, or prejudice; (2) Whether the charge of the court to the jury invaded the province of the jury and thus denied the appellant his constitutional right to trial by jury; and (3) Whether the court excluded admissible testimony which would have convinced the jury to find the defendant not guilty.

 The first assignment of error springs from the denial by the trial court of the respondent's motion to set aside the verdict. This invoked a discretionary ruling by the court below. To be error, an abuse or withholding by the court of its discretion must be shown. And this court is bound to indulge every reasonable presumption in favor of the ruling below. *John* v. *Fernandez,* 124 Vt. 346, 348, 205 A.2d 552.

As shown by the record, the jury reached their verdict one-half hour after receiving the case from the court. The respondent argues that this fact coupled with the inflammatory nature of the case indicates that a verdict was reached before the jurors had time for reasoned deliberation.

This precise question was raised by the respondent in *State* v. *Lumbra,* 122 Vt. 467, 177 A.2d 356, 91 A.L.R.2d 1235. In that case the jury deliberated approximately eight minutes. Although that case

was a prosecution for driving a motor vehicle while under the influence of intoxicating liquor and the case at bar involves a much more serious crime, the law is equally applicable here.

Chief Justice Hulburd said in the *Lumbra* case at pages 469-470, 177 A.2d at page 358: "The law does not attempt to prescribe the length of time which a jury should take to arrive at a verdict. Indeed, it has been held that a jury may render a verdict without retiring. (Case cited.) Of course, the trial court may—and doubtless should—cause the jury to reconsider its verdict if it considers that their decision is so hasty as to indicate, in the circumstances, either a flippant disregard or a perfunctory performance of their duties. (Case cited.) Specifically, it has been held that a period of deliberation of eight minutes was not unreasonable. (Citing cases and 89 C.J.S.Trial p. 93.)"

Following the report of the *Lumbra* case in 91 A.L.R.2d there is an annotation on this question at pages 1238-1251. This annotation (1963) deals with the effect on a verdict in a criminal case of the haste or shortness of time taken by the jury in reaching a verdict. It is there stated that "no criminal case has been found in which haste or shortness of time taken by a jury in arriving at a verdict was held to amount to reversible error." Numerous cases are there cited from nineteen jurisdictions showing that the length of time taken by the jury in returning a verdict ranged from four minutes (*United States* v. *Young*, 1962, CA 6 Tenn., 301 F.2d 298, possession of an illicit still) to thirty minutes (*Smith* v. *State*, 40 Tex. Cr. 391, 50 S.W. 938, a murder case). The annotation points out the views taken by the various courts in deciding that no prejudicial error was found.

Generally, it can be said that the strength of the evidence is one of the controlling factors on the duration of the deliberation of the jury. See *State* v. *Lumbra, supra*, 122 Vt. at p. 470, 177 A.2d 356. There is no law which requires a jury to deliberate any longer than may be necessary to agree upon a verdict. And jurors undoubtedly begin their deliberation process during the progress of the trial. Furthermore, the historical inviolability and independence of the jury tend to make inquiry into the manner of reaching a verdict improper. *State* v. *Richmond*, 321 Mo. 662, 12 S.W.2d 34.

Our review of the transcript in the instant case discloses that the evidence of respondent's guilt was clear, concise and overwhelming. The testimony given by the witnesses that the age of the prosecutrix was eleven years is uncontradicted. The girl, Elizabeth, and a younger

sister and brother were guests in the respondent's trailer home in Shelburne from about 3 A.M. on May 14. She was put in the same bed with the respondent and a Madelyn Guerrard who had lived with the respondent about five years. At first she was placed on the front side of the bed but shortly afterwards she was put in the middle by Miss Guerrard on the instruction of the respondent. The testimony of the prosecutrix concerning the act committed by the respondent at that time is corroborated by the testimony of Miss Guerrard, she being present when the incident in question occurred. There is also medical testimony that a physical examination of the girl on May 17 disclosed three lacerations in the girl's genital area, the appearance of which was "consistent with the little girl's story that she suffered them about three days before" the doctor saw her.

This is only a capsule summary of the evidence introduced which was before the jury for consideration. A more detailed and lengthier recitation of the facts presented by the evidence does not appear to be either appropriate or necessary. Suffice it to say that an examination of the record makes it quite apparent that the jury must have felt that the evidence was so convincing and persuasive that it was able to reach a unanimous verdict within a comparatively short time.

The record indicates that the court, as it must, did exercise and not withhold its discretion in passing on the motion. *Travers & Thomas* v. *Rupe,* 116 Vt. 314, 315, 75 A.2d 692. The respondent has failed to demonstrate that the discretion of the court was exercised on grounds or for reasons clearly untenable, or to an extent clearly unreasonable. This is the test of abuse of discretion. *John* v. *Fernandez, supra,* 124 Vt. at p. 348, 205 A.2d 552. We find nothing in the record tending to indicate that the court abused its discretion in passing on this ground of the motion. Without this showing, this court will not intervene. *State* v. *Lumbra, supra,* 122 Vt. at p. 470, 177 A.2d 356; *State* v. *Goyet,* 120 Vt. 12, 19, 132 A.2d 623.

The second assignment of error is that the court's charge to the jury invaded the province of the jury so as to deny the respondent's constitutional right to trial by jury.

The respondent concedes, as the record shows, that he took no exception to the content of the court's charge to the jury. Further, this claimed error was not a ground of respondent's motion to set aside the verdict. Thus, the trial court had no fair opportunity to pass

judgment upon this point and to add to, or modify its charge. *State* v. *Quesnel,* 124 Vt. 491, 495, 207 A.2d 155.

Judge Learned Hand, in *Scott* v. *Central Commercial Company,* 2 Cir., 272 F.2d 781 (1959), cert. denied 363 U.S. 806, 80 S.Ct. 1241, 4 L.Ed.2d 1149, refused to consider the trial judge's charge to the jury to which there was no objection at trial stating that the power of appellate courts to consider issues not raised at trial is sparingly exercised. He did say, however, at page 782 that "It is only an egregious kind of error (that) we may consider of our own motion."

▆▆ In order to reach the question attempted to be raised we must first decide whether this is one of those rare and extraordinary cases where a glaring error occurred during the trial and was so grave and serious that it strikes at the very heart of the respondent's constitutional rights. It is only in this context that we will examine the case and determine whether the record indicates it is of this character since the question is not otherwise properly before this court.

That segment of the charge with which the respondent complains follows:

"The issues are few, and they are simple. The girl's age and did the Respondent do what she says he did. We think we can charge you as a matter of law that if you are satisfied beyond a reasonable doubt that the Respondent did what the State claims he did, then of course he is guilty of statutory rape."

▆ Instructions to the jury may not be isolated into small segments and considered piecemeal but must be measured by their full context. *State* v. *Ciocca,* 125 Vt. 64, 74, 209 A.2d 507 ; *State* v. *Coburn,* 122 Vt. 102, 110, 165 A.2d 349 ; *State* v. *Orlandi,* 106 Vt. 165, 176, 170 A. 908.

Before the charge complained of was given by the court, it had previously charged the jury in the following language:

"You should first satisfy yourselves, and do so beyond a reasonable doubt, that the complainant, Elizabeth, was at the time of the alleged act under the age of 16 years. Now there doesn't seem to be any question about that. Her appearance would indicate it, and I think the evidence is—undisputed evidence is she was 11 years old at the time, so as far as that requirement is concerned it doesn't appear that it would require a great deal of your time in deciding that. Now secondly if you find she is under 16 years of

age, you will next proceed to inquire whether the Respondent had sexual intercourse with her at or about the time in question on May 14, 1967, and on this you will carefully weigh and consider all the evidence. So as you can see, there are two issues for your determination—Elizabeth's age, and whether the Respondent had sexual intercoure at the time and place in question as claimed by the State. Those two issues."

Further, the court informed the jury of the offense charged against the respondent in the information and read the pertinent portion of the statute on which the prosecution was brought.

■ There can be no question in this state but that in a criminal case the jury, under proper guidance and direction of the court, makes the ultimate decision on the issues of fact presented to it. *State* v. *Brown,* 122 Vt. 59, 62, 163 A.2d 845.

The respondent argues that the court did not submit to the jury for its determination the material and essential fact of the complainant's age, that is, whether she was under sixteen years old. It is his claim that by the last sentence of the part of the charge about which he complains, the court "reversed its position and only submitted one material fact to the jury" and that this amounted to a directed verdict on this vital issue. He admits that the court had previously charged that there were two issues for the jury—"the age and the act."

We cannot agree with the respondent's interpretation of the sentence objected to. It is not equivalent to a binding instruction.

■ When the court said "I think we can charge you as a matter of law * * *," it was expressing its opinion upon the evidence and by the remainder of the sentence the court left the force and effect of the evidence for the ultimate decision of the jury as it had been previously and expressly instructed. *State* v. *Paddock,* 24 Vt. 312, 316; *McKenna* v. *McDonald,* 111 Vt. 60, 64, 10 A.2d 208. Notwithstanding the phrase objected to, the court in the final analysis left the issue with the jury to decide. We cannot conceive how it is possible that the jury was misled by it.

■ Three witnesses testified that the prosecuting witness was eleven years old at the time of the crime. This evidence was unchallenged and stood unrefuted. In view of this state of the evidence the statement of the court was fair comment and harmless to the respondent. *State* v. *Goyet, supra,* 120 Vt. at 72, 73, 132 A.2d 623; *State* v.

*Schneiderman,* 20 N.J. 422, 120 A.2d 89, 91 ; *People* v. *Buckner,* 281 Ill. 340, 117 N.E. 1023, 1025, 3 A.L.R. 1323.

We are satisfied that the factual equations were all left to the jury consideration and find no error in the court's charge below in the respect complained of.

Lastly, the respondent contends the court erred by excluding the following question during his cross-examination of Mrs. Coleman :

"Q. Have you ever heard your husband make any disparaging comments about Mr. Morrill at all— any bad comments ?"

■ The respondent argues that he was attempting to demonstrate that Mr. Coleman may have had reasons for disliking him and which would have influenced Mr. Coleman to initiate a groundless proceeding for the sole purpose of injuring the respondent. He claims the question is an exception to the hearsay rule but no law is cited to support it. Nor is it shown in what manner the ruling was an abuse of discretion or prejudicial to the rights of the respondent. This burden is on the excepting party. *State* v. *Goyet, supra,* 120 Vt. at p: 29, 132 A.2d 623.

■ The question propounded to the witness did not relate to her but to statements her husband may or may not have made to her about Mr. Morrill. Thus, it was not a denial of a reasonable opportunity to show that she was unreliable, prejudiced, or biased. Even in that instance, which is fundamentally a matter of right, the extent of such examination rests largely in the discretion of the trial court. And the action of the court will not be revised here unless an abuse of discretion is shown, and the contrary not appearing, it will be taken that the ruling was made as a matter of discretion. *State* v. *Teitle,* 117 Vt. 190, 195, 90 A.2d 562 ; *State* v. *Goyet, supra,* 120 Vt. at p. 19, 132 A.2d 623.

■ The question as asked fails to fix, or place a limitation on, the time when any alleged bad comments might have been made and thus was improper and objectionable. In *State* v. *Teitle, supra,* on cross-examination a similar question was asked of the witness, *viz.,* "Did you ever get a divorce from Anna Beaulieu ?" On objection the question was excluded and this court found no abuse of discretion or harmful error by the ruling of the court. See pages 194-197 of 117 Vt., 90 A.2d 562 of the opinion.

·No abuse of discretion is here made to appear, nor is it demonstrated that the respondent was harmed or prejudiced by the ruling either of which is necessary to produce a reversal. *State* v. *Lumbra, supra; State* v. *Goyet, supra,* 120 Vt. at pages 20, 29, 132 A.2d 623.

*Judgment affirmed.*