**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

No. 05-4764

───────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHARLES L. MCMILLION, SR.,

Defendant - Appellant.

───────────

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.  David A. Faber, Chief District Judge.  (CR-04-191)

───────────

Submitted:  January 19, 2006          Decided:  April 6, 2006

───────────

Before WIDENER, NIEMEYER, and MICHAEL, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Matthew A. Victor, VICTOR, VICTOR & HELGOE, L.L.P., Charleston, West Virginia, for Appellant.  Charles T. Miller, Acting United States Attorney, Monica L. Dillon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Charles L. McMillion was convicted in the Southern District of West Virginia on six counts charging him with conspiracy from December 13, 2001, to October 9, 2003, to distribute at least 80 grams of oxycodone, in violation of 21 U.S.C. § 846; distribution of oxycodone on October 8, 2003, in violation of 21 U.S.C. § 841(a)(1); distribution of oxycodone on October 9, 2003, in violation of 21 U.S.C. § 841(a)(1); aiding and abetting possession with intent to distribute oxycodone on October 9, 2003, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; use of a firearm on October 8, 2003, in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A); and possession of two firearms on October 9, 2003, in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(C). The district court sentenced McMillion to 51 months' imprisonment for each of Counts One through Four, to be served concurrently; a consecutive mandatory 5-year sentence for Count Five; and a consecutive mandatory 25-year sentence for Count Six. McMillion appeals on various grounds, none of which we find meritorious. Accordingly, we affirm.

First, McMillion contends that the district court erred in not granting his motion to suppress evidence that was seized pursuant to a search because the warrant did not issue from a state "court of record," as required by Federal Rule of Criminal

Procedure Rule 41(a). He contends that the state search became a federal search because of a telephone call from state law enforcement officers to an assistant U.S. Attorney seeking advice and that the state magistrate was not a "court of record." Following a hearing, the district court concluded that Rule 41(a) was not applicable because the search was not "federal in nature" inasmuch as federal officers were not directly involved. See United States v. Smith, 914 F.2d 565 (4th Cir. 1990), cert. denied, 498 U.S. 1101 (1991). We agree with the district court that there was no evidence of federal direction or approval of the search, let alone any prior intention by federal prosecutors to take over the case.

Second, McMillion contends that the district court erred by imposing two consecutive sentences -- one for 5 years and one for 25 years -- for convictions on Counts Five and Six under 18 U.S.C. § 924(c)(1) (stating that in case of a "second and subsequent conviction under this subsection," the defendant shall "be sentenced to a term of imprisonment of not less than 25 years"). McMillion contends that the "second and subsequent conviction" provision of § 924(c)(1)(C) does not apply here because Counts Five and Six were linked to a single underlying predicate offense involving drug trafficking. McMillion's theory is that § 924(c)(1)(C) can only be triggered if there are separate and distinct underlying predicate offenses. In this case, there

were separate offenses for drug trafficking on October 8, 2003, and October 9, 2003, the dates on which the firearms offenses were committed. But even if the single conspiracy offense is taken as the predicate drug offense, we have held that "consecutive sentences under section 924(c)(1) are appropriate whenever there have been multiple, separate acts of firearm use or carriage, <u>even when all of those acts relate to a single predicate offense</u>." <u>United States v. Camps</u>, 32 F.3d 102, 106 (4th Cir. 1994) (emphasis added); <u>see also</u> <u>United States v. Lucas</u>, 932 F.2d 1210, 1221-23 (8th Cir. 1991) (holding that "each separate use of a firearm in relation to a violent crime or drug trafficking crime is punishable under section 924(c) regardless of whether other section 924(c) charges are related to the same predicate offense"). Accordingly, we find no error in the district court's imposition of consecutive sentences for Counts Five and Six.

Third, McMillion contends that the district court erred in denying his motion for acquittal based on insufficient evidence as to Counts Two and Five. After reviewing the record, we find that the government produced sufficient evidence on which a reasonable jury could have convicted McMillion beyond a reasonable doubt. That evidence included McMillion's confession and the testimony of a police informant. Although the informant's testimony was contradicted by other witnesses, the jury was entitled to weigh the credibility of the witnesses in reaching its

own conclusions.  See United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997).

Finally, McMillion contends that he was denied due process because the jury, which rendered its verdict in less than forty minutes, did not adequately deliberate about the charges against him. Aside from the brevity of its deliberations, however, there is no evidence that the jury failed to weigh all the relevant evidence in making its determinations. See Segars v. Atlantic Coast Line Railroad Co., 286 F.2d 767 (4th Cir. 1961) ("A short period of deliberation by a jury before returning a verdict does not establish the proposition that the jury did not properly perform its duties") (quoting Patten v. Newton, 159 A.2d 809, 810 (N.H. 1960)).

Finding no merit to his assignments of error, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED